The plaintiff's request to transfer this action to a Judge in the New Haven seat of Court is GRANTED. The clerk is directed to randomly assign this case to a New Haven Judge. The clerk is directed to docket this letter and include it in the Court's file. So ordered.

Christopher F. Droney
United States District [Judge]
11/24/03

113 Grove Place
West Haven, CT 06516
September 25, 2003

Christopher F. Droney
United States District Judge
United States District Court
District of CT
Hartford, CT

Re: Civil Action #3:03 CV651 (CFD)
    District Court, Hartford, CT

Your Honor:

  Now that request for counsel (DOC. #4) has been denied, as a layman being disabled, not being able to drive, being under strong medication, being 71 years of age, with my only way of getting to Hartford is by car, and my wife being 69 years of age and my only means of transporting me, our combined income being $1,850.00 per month, I have to request that this hearing be held in New Haven and be held now with a jury being present. This way I can present my case myself in laymen's terms to other laymen who will be making the decision on the evidence presented and explained by me.

  Also, any evidence the defendants present I will have the right to have explained so I understand and the jury understands at the time it is presented.

  You as a Federal Judge must understand why this is very important because of the liberties hedge fund companies have taken that are not allowed under the Security Exchange Laws and Rules. To quote Attorney General Eliot Spitzer of New York, "Hedge fund companies seem to make there own laws and rules as to what they can and can't do."

  Your Honor, you state (see Cooper V.A. Sargenti Co., Inc., 877 F. 2D 170 (2nd cir. 1989) I as a layman and being disabled and at this time not having the means to pay an attorney to explain, will just take your word that being a person with an income of $1,850.00 per month and disabled does not qualify for a pro-bono attorney.

  I will say at this time and from the time I started this process in February, 2000, following all the rules of the contract as laid down by Derivium Capital aka First Security and the Security Exchange Commission that took me to arbitration filing through American Arbitration Association only to be told that the Wachovia Bank, not being a customer of theirs, they would not proceed with the case and that I did not have the