William E. McCarty
113 Grove Place
West Haven, CT 06516
203-933-0214

Case #3:03-cv-00651 mrk
Pro-se 4/9/03

Via Overnite
Wachovia Corp.
WS 2217
901 East Byrd St
Richmond, VA 23219
Attn: Mr. Todd Ratner
Legal Department

Via Hand Delivery
Kevin Rowe
U.S. District Court
District of CT
141 Church St
New Haven, CT 06510

Via Hand Delivery
Hon. Mark R. Kravitz
US District Court
District of CT
141 Church St
New Haven, CT 06510

RE: McCarty v. Wachovia Bank, FKA Wheat Security Capital, FKA First Union Corp.
901 East Byrd St. 2nd Fl.
Richmond , VA 23219

RE: Derivium Security Capital, FKA First Security Capital
1 Boston Post Rd
Charleston, SC 29407

RE: American Arbitration Assc.
950 Warren Ave.
East Providence, RI 02914

Case # Civil 3:03 cv 651 MRK

I am William E. McCarty (not Walter E. McCarty). I am representing myself as my motion to appoint counsel was denied in 1/21/04 by Judge Mark R. Kravitz. Copy received US Mail on 1/21/04, copy of envelope shows mailed 1/15/04. My motion to extend time period to file motion for default an summary judgment for thirty (30) days (Doc. #13) dated February 2, 2004 was granted.

Default and summary judgement was filed with the clerk at 141 Church Street office of US District Court, District of Connecticut, New Haven, Connecticut, with copies to the Hon. Mark R. Kravitz of February 12, 2004 and mailed to Wachovia Bank Attn: Mr. George M. Gordon III, 901 East Byrd St. 2nd Floor, Richmond VA 23219. Also Derivium Security Capital, 1 Boston Road, Suite 125, Charleston, SC 29407, Attn: Mr. Charles Cathcart, Pres. American Arbitration Assoc. 950 Warren Ave, East Providence, Rhode Island 02914, Attn: Mrs. C. shanks, VP.

First, to answer in house attorney Mr. Todd Ratner of Wachovia Corp. The 120 days he refers as having lapsed since filing the complaint. I could not file any additional procedure until 1st a Judge was appointed, then my request for Forma-Pauperis pursuant to 28 U.S.C. & 1915 that granted April 8, 2003. Than I waited for a request for an appointment of counsel, that happened September 16, 2003. Next was a request for change of venue from Hartford, CT to New Haven, CT. reason cannot drive (no license because of my disability) and my wife being 70 years of age with severe arthritis. That was granted November 24, 2003 with Judge Kravitz. I than requested for appoint counsel. Denied January 12, 2004. I than filed a request for Default and Summary Judgement.

All of this was done within the proper time frame. I believe it is Wachovia bank, Derivium Capital and American Arbitration Assc. Who are at fault for ignoring the courts.

In answer to Atty. Rattner that I may be trying to improperly obtain asset that is a statement that runs close to slander of myself and my wife. I would hope you, as the Head Clerk, Mr. Rowe, would address Atty. Rattner.

Regarding the (improperly identifying Wachovia, FKA Wheat First Securities, FKA First Union Corp.) How should it have been addressed and why since the start of these procedures has no one from Mr. George M. Gordon III to Mr. Kevin D. Spence, compliance analysis never mention this?

Just to bring you up to date as to where Wachovia Bank is one of the defendants I will lay it all out.

1. Contacted First Security Capital about 90% stock loan. August 1998
2. FSC asked I send them my stock certificates of shares of more than $100,000.00, which I did.
3. I advised Advest Inc. of New London, CT to send the stock certificate in question.

4. Wheat First Union than sent me copies of e-mails that they had received these certificates. (I did not even know who they were).
5. I contacted Mr. Anderson of First Security Capital or rather my accountant Mr. David Cappetta did. I was advised that Wheat First Securities a subsidiary of First Union Corp. and they with there financial consultant Mr. George M. Gordon III would be my fiduciary.
6. Wheat First Securities nor Mr. Gordon did anything to make sure that I received 90% of my stock value. When Mr. Gordon was questioned by me, he more or less said that is not my problem. I am no longer responsible the transaction is over. It was his problem and still their problem. During that short period of time Oct. 5, 1998 to Oct 31, 1998 or at least until transaction was finished and he knew I received the Hedge Fund Price for my stocks and not the stock price. It was his obligation or Wheat First Securities obligation that I received the correct amount of funds. Therefore they are liable for $24,288.76 plus interest.
7. Any document evidence referred to here is inclosed.
8. Anything prior to these filings in regard to time lines are in the arbitration proceeding that Wachovia Bank declined to take part in as not being a member of A.A.A. or a party of. I believe Wachovia became a party of when they accepted Derivium business to act as Fiduciary for myself on this transaction. They became a party to my contract with Derivium. Why else ask for a copy of contract from First Security Capital on 10-15-98 when I Hedge Fund Rates vs. Stock rate prices.

Thank you

*William E. McCarty*
*5-19-04*

William E. McCarty
Joan F. McCarty  *Joan F. McCarty*

Date: 5-19-04

Case #3:03-cv-00651
Pro-se 4/9/03

cc:  Mr. George M. Gordon III, Wachovia
     Mr. Kevin Spence, Wachovia
     Mrs. C. Shanks, AAA
     Mr. Charles Cathcart, Bancroft