William E. McCarty                                              September 15, 2004
Plaintiff

                                        Civil no. 3:03CV651MRK
                                        Pro Se granted 4/9/03

VS.
Bancroft Ventures LTD.
FKA Derivium Security Capital
FKA First Security Capital
1 Boston Post Rd.
Suite 120
Charleston, SC 29407

Wachovia Bank
FKA Wheat First Securities
FKA First Union Corp.
901 East Byrd St.
2nd Floor George Gordon III
Richmond, VA 23219

American Arbitration Assoc.
950 Warren Ave
ATTN: Ms. C. Shanks
East Providence, RI 02914

Motion to Renew

Civil No. 3:03CV651 (MRK) September, 2004

I William E. McCarty, the Plantiff, renew my motion against the above named defendants.

My supporting documents are on file under case #3:03CV651(MRK) in the Honorable Judge Mark R. Kravitz chambers and also the clerk of the United States District Court, District Court of Connecticut, 141 Church St., New Haven, CT 06510.

I do state again that Derivium Security Capital admitted in their letter of October 12, 1999 used the Hedge Fund amounts and not the Stock Fund amounts to determine my loan, thus shortening the amount I received by $24,288.76. I do not understand why I am not being awarded this amount, plus interest of 10.59%, which they charged me for a time of 6 years through October 13, 2004 compounded.

The second, the reloan they gave me the authority to do so in First Security Capital letter of September 9, 1999. Than ignore my certified mail September 28, 1999 telling them what to do, which cost myself and my wife over $500,000. I ask, what have I done

wrong to be treated like this? I have been fighting this since October 1998 and will continue until the day I die.

Wheat First Union did not act in a correct manner or lawfully manner as my Fiduciary during that time and should be held liable as the law states.

American Arbitration Assoc., Ms. C. Shanks should have let an arbitrator determine if Wachovia Bank should be a party to this case. They were my Fiduciary as well as Derivium was their customer.

New evidence shows just how Bancroft LTD> FKA Derivium does business. Disregarding contract and changing agreements.

*William E. McCarty*
William E. McCarty, Plaintiff
113 GROVE PL.
WEST HAVEN CT. 06516

*Joan F McCarty*
Joan F. McCarty, Plaintiff

9-15-04

CERTIFICATE OF SERVICE

BANCROFT VENTURES LTD.
1 BSTN POST RD.
CHARLESTON S.C. 29407

WACHOVIA BANK
901 E. BYRD ST
2nd FLOOR
RICHMOND VA. 23219

AMERICAN ARBITRATION ASSC.
950 WARREN AVE
E. PROV. R.I. 02914

UNITED STATED DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

Aug 26  10 36 AM '04

U.S. DISTRICT COURT
NEW HAVEN, CONN.

WILLIAM E. McCARTY,

    Plaintiff,

v.

    Civil No. 3:03cv651 (MRK)

DERIVIUM CAPITAL, LLC, et al,

    Defendants.

## ORDER TO SHOW CAUSE

Defendants shall have until **October 11, 2004** to show cause why default should not be entered against them for failure to appear and respond in the above-captioned matter. Defendants are on notice that failure to respond to this order may result in entry of default and eventual default judgment against them.

The Motion for Default Judgment [doc. #14] and Motion for Summary Judgment [doc. #14] are DENIED without prejudice to Plaintiff William McCarty's renewal after October 11, 2004 if Defendants have not responded to this Court's Order. If Plaintiff renews his motions, he may do so by filing a motion to renew, and he need not resubmit the supporting documents, though he may submit supplemental documents if he wishes to do so.

IT IS SO ORDERED.

_____
Mark R. Kravitz
United States District Judge

Dated at New Haven, Connecticut: August 26, 2004.

## Certificate Of Service

This is to cerify that a copy of the foregoing was mailed, postage prepaid, on the date posted to parties of record:

Derivium Security Capital FKA First Security Capital
1 Boston Post Road
Suite 125
Charleston, SC 29407
ATTN. Mr. Charles Cathcart, President

CS: 3:03-CV-00651-MRK

PRO SE GRANTED
4/9/03

*William E. McCarty*
William E. McCarty
113 Grove Place
West Haven, CT 06516
~~3/12/04~~ 9-15-04

## Certificate Of Service

This is to cerify that a copy of the foregoing was mailed, postage prepaid, on the date posted to parties of record:

WACHOVIA BANK
FKA. WHEAT FIRST SECURITY
FKA. FIRST UNION CORP.
901 EAST BYRD ST. 2nd. FLOOR, G. GORDON III
RICHMOND VA. 23219

PRO SE GRANTED
4/9/03

          William E. McCarty
          113 Grove Place
          West Haven, CT 06516
          2/12/04

September 14, 2004

*EVIDENCE*

Loan Processing Center
ATTN: Maturing Loans Department
1 Boston Post Road
Suite 120
Charleston, SC 29407

RE: Maturing Loan #6893081-2-R10141

Dear Maturing Loan Department

First maturity date October 13, 2001, signed. Second maturity date October 13, 2004, signed date 9-15-04 , per original master loan agreement which is the only binding agreement between myself William E. McCarty and Joan F. McCarty, which signed and certified September 29, 1998.

I William E. McCarty and wife Joan F. McCarty roll over our loan #6893081-2-R20252 for three more years from October 13, 2004 thru October 13, 2007, "unless the Honorable Judge Mark R. Kravitz, United Stated District Court, District of Connecticut, 141 Church Street, New Haven, CT 06510 says otherwise".

The rollover is per the original loan contract master agreement signed September 29, 1998, with no exception.

*William E. McCarty*
William E. McCarty

Joan F. McCarty
*Joan F. McCarty*
9-15-04

Reference: Loan # 0893081-2-R10141
Civil # 3:03CV651(MRK

Dear Rebecca D. Trude,

    This is in answer to your letter of 8/31/04 sent by U.S Priority Mail. I am advising you that what you say and demand is all wrong.
    The Master Agreement date is 9/29/98, the date of 9/10/2001 is the Roll Over Date. According to the original agreement.
    I also have the right to roll this over for Fifteen (15) years, every three (3) years. That is in the contract my wife and I signed.
    There is no mention any where of a renewal fee in the original agreement. So forget that unless Judge Mark R. Kravirz says different in his default ruling before 10/11/04.
    I am turning this matter over to Judge Kravitz to rule on as part of the complete disregard you have shown to my wife and myself.
    Also, I will be sending a copy of this letter, along with the letter you sent dated 8/31/04 as evidence of your complete disregard for the Master Agreement.
    I will be drawing up an agreement to roll over the contract of 9/29/98 for another three (3) years. This per the Master Agreement signed 9/29/98.
    I am sending you a copy of Judge Kravitz order to show cause dated August 26, 2004. Enclosed is my motion for the Plaintiff to file for Default and Summary Judgment dated 2/10/04.
    Please note the change of address that was sent to you in 2003.
William E McCarty
113 Grove Pl
West Haven, CT. 06516

Sincerely,
William E. McCarty

Joan F. McCarty

September 8, 2004

Bancroft Ventures LTD
Loan Processing Center
One Boston Post Rd
Suite 120
Charleston, S.C. 29407
Attention: Rebecca D. Trude, Ref

United States District Court
District of Connecticut
141 Church St
New Haven, CT. 06510
Honorable Mark R. Kravitz
United States District Judge

Bancroft
FKA: Derivium Security Capital
FKA: First Security Capital
1 Boston Post Rd
Suite 125
Charleston, S.C. 29407

Wachovia Bank
FKA: Wheat Fist Securities
FKA: First Union Corp.
901 East Byrd St
2nd Floor
Richmond, VA. 23219
Attention: George M. Gordon III

American Arbitration Association
950 Warren Av
East providence, R.I. 02914
Attention: Ms. C. Shanks

Reference: Loan # 0893081-2-R10141
           Civil # 3:03CV651(MRK)



**BANCROFT**

August 31, 2004

William E. & Joan F. McCarty
1 Marydale Road
West Haven, CT 06516

Re:   Loan Transaction Number: 6893081-2-R10141
      Maturity Date: October 14, 2004
      Principal and Interest Due: $159,004.07

Dear William E. & Joan F. McCarty:

*[Handwritten annotation: "THIS IS A STOCK LOAN NOT HEDGE FUND LOAN per MASTER AGREEMENT SIGNED 9-29-98  W.E.M"]*

The above referenced transaction will mature on October 14, 2004 ("Maturity Date"). The total principal and interest that will be due, and payable on the Maturity Date is $159,004.07 ("Maturity Amount"). The collateral for this transaction is:

see attached list

Please note that the Maturity Amount is due in full and payable directly to Bancroft Ventures Limited ("Bancroft"), no later than 5:00pm Eastern Time on the first business day following the Maturity Date, and written notification regarding your maturity selection must be provided to Bancroft's Loan Processing Center using the enclosed notification form no later than 5:00pm Eastern Time on the Maturity Date.

*[Handwritten: "SHOULD BE 9-29-98  ROLL OVER IS SEPT. 2001"]*

Pursuant to the terms and conditions of your Master Agreement dated September 10, 2001, at maturity you will have the following alternatives to choose from:

1.  **Pay the Maturity Amount and Recover Your Collateral**

    You may pay the Maturity Amount in full and recover your collateral. To effect this alternative, your funds must be received and cleared for deposit in an account designated by Bancroft no later than 5:00pm Eastern Time on the first business day following the Maturity Date. Once your transaction has matured and your payment has cleared, the process of unwinding hedging transactions will begin. Your collateral will then be delivered via DTC transfer to your designated brokerage account within two business days following completion of the unwinding of hedging transactions.

    IMPORTANT NOTE: If you select this alternative and your funds have not cleared by 5:00pm Eastern Time on the first business day following the Maturity Date, your collateral will be forfeited at that time in satisfaction of your debt obligation. If your collateral is forfeited, the value of your collateral at maturity will be determined by the average of the closing prices of your collateral shares, as reported by the *Wall Street Journal*, for the ten trading days prior to the Maturity Date ("Collateral Value"). If your Collateral Value exceeds the Maturity Amount, you will still be eligible to receive the amount of your Collateral Value that exceeds the Maturity Amount ("Net Collateral Value") in cash.

2.  **Renew or Refinance the Transaction for an Additional Term**

    You may elect to renew for an additional term, or refinance your transaction by pledging your collateral for an additional term, as stated below. Please note that upon selecting this alternative you will need to execute a new Master Loan Financing and Security Agreement, Riders (if you have not already done so) and related Schedule (s) for the new term.

    **If your Collateral Value is less than the Maturity Amount,** you may renew your transaction, for a subsequent term, pursuant to the terms stated in the Renewable clause in the Schedule A for your maturing transaction. To effect this alternative, you must pay the renewal fee of $7,202.88 (Maturity Amount multiplied by 4.53% per the terms in your Schedule A-2, which governs the renewal of this transaction) and your funds must be received and cleared for deposit in an account designated by Bancroft no later than 5:00pm Eastern Time on the first business day following the Maturity Date.

    **If your Collateral Value is greater than the Maturity Amount but 90% of your Collateral Value is less than the Maturity Amount,** you may refinance your transaction for a subsequent term, by pledging your qualifying assets* for a new transaction and the beginning balance of your new transaction will be the Maturity Amount (in which case you will not be

ML1241

**BANCROFT VENTURES LIMITED**
IOMA HOUSE, HOPE STREET, DOUGLAS, ISLE OF MAN IM1 1AP BRITISH ISLES
BOARD OF DIRECTORS: C.G. BOWEN, N.H. WOOD, CO. REG. NO. 100864C
TEL: +44 (0)1624 666 241   FAX: +44 (0)1624 666 242   www.bancroftventures.co.im



*[Handwritten annotations in margins: "ALL MY YOU IN STOCK ACCT MADE W.E.M.", "4-29-98 WEM", "IT IS NOT A HEDGE FUND IT IS A STOCK LOAN W.E.M."]*

eligible for additional loan proceeds). To effect this alternative, you must pay the renewal fee of $7,202.88 and your funds must be received and cleared for deposit in an account designated by Bancroft no later than 5:00pm Eastern Time on the first business day following the Maturity Date.

**If 90% of the Collateral Value is greater than your Maturity Amount,** you may pledge your qualifying assets* for an additional term, use some of the proceeds from the refinancing to pay the Maturity Amount in full, and receive the net incremental loan proceeds in cash two business days following the establishment of Bancroft's hedging transactions for the new term.

*Any assets you wish to use as collateral for a new term must be confirmed as "qualifying assets" by Bancroft; not all existing collateral will necessarily qualify as collateral for a refinancing of your transaction.

IMPORTANT NOTE: If you select this alternative and your funds have not cleared by 5:00pm Eastern Time on the first business day following the Maturity Date, your collateral will be forfeited at that time in satisfaction of your debt obligation.

3. Surrender Your Collateral

    You may elect not to pay the Maturity Amount or the Renewal Fee and surrender some or all of your collateral.

    **If your Collateral Value is less than the Maturity Amount,** you may surrender your collateral without submitting any additional funds, since the transaction is non-recourse to you.

    **If your Collateral Value is greater than the Maturity Amount,** you may instruct Bancroft to provide the Net Collateral Value to you in cash, or in a combination of stock and cash. Net cash proceeds, if any, will be transferred to your designated account two business days following the completion of the unwinding of hedging transactions. If you elect to receive some or all of the net difference in stock collateral, the net stock collateral will be delivered via DTC transfer to your designated brokerage account within two business days following completion of the unwinding of hedging transactions.

    IMPORTANT NOTE: Surrendering some or all of your collateral may constitute a taxable event and could make you liable for capital gains taxes. Neither Bancroft nor its agents provide legal or tax advice, and as such, it is strongly recommend that you consult a tax advisor before electing to surrender some or all of your collateral.

In order to ensure the timely conclusion of this transaction, Bancroft must receive written notice of your selection (alternative 1, 2, or 3), at least seven business days prior to the Maturity Date. Otherwise, conclusion of the transaction may be delayed for at least fifteen business days. If Bancroft is not in receipt of written instructions from you as of 5:00pm Eastern Time on the Maturity Date, or, if the transaction maturity date is not a business day, as of 5:00pm Eastern Time on the following business day, the transaction will be closed, your collateral will be forfeited, and Bancroft will subsequently provide the Net Collateral Value, if any, to you in cash. Please be advised that collateral forfeiture may constitute a taxable event for you, so it is important that you seriously consider your alternatives and communicate your decision in a timely fashion. For your convenience, we have included a Selection at Maturity form with this letter. Please fill this form out and fax it to: Bancroft Loan Processing Center, Attn: Maturing Loans Department, at 843-725-1131.

Please contact the Bancroft Loan Processing Center at 843-725-1130 if you have any questions with regard to the maturity of your transaction. We appreciate the opportunity to be of service to you, and hope that we can continue to be of service to you in the future.

Sincerely,

*[Signature: Rebecca D. Trude]*

Rebecca D. Trude
Authorized Representative

ML1241



## List of Securities Reflecting the Collateral for Loan 6893081-2-R10141:

## Collateral Value * (as of 08/31/04): $152,846.43

*ACREEED 29-98*

| Company | Symbol | Number of Shares | Current Price (08/31/04) | Current Value |
|---|---|---|---|---|
| CMGI Inc | CMGI | 2,000 | $1.15 | $2,300.00 |
| Dell Inc | DELL | 1,200 | $34.70 | $41,640.00 |
| Hewlett-Packard Co | HPQ | 158 | $17.71 | $2,798.18 |
| Pfizer Inc | PFE | 825 | $32.53 | $26,837.25 |
| Wachovia Corp | WB | 250 | $46.46 | $11,615.00 |
| Yahoo! Inc | YHOO | 2,400 | $28.19 | $67,656.00 |

*IN MASTER LOAN CONTRACT W.F.M*

ML1241

August 31, 2004

Loan Processing Center
Attn: Maturing Loans Department
One Poston Road, Suite 120
Charleston, SC 29407

Re: Maturing Loan Number 6893081-2-R10141, Maturity Date October 14, 2004

Dear Maturing Loans Department:

By placing my/our initials by my/our selection and signing below, I/we acknowledge receipt of the letter from Bancroft Ventures Limited ("Bancroft"), dated August 31, 2004, which outlines my/our alternatives at maturity ("Maturity Letter") for the loan referenced above. I/we understand the alternatives available to me/us as described in the Maturity Letter, and I/we hereby irrevocably select the following one (1) alternative with regard to my/our maturing stock loan transaction number 6893081-2-R10141:

1. _____ Initial    **I/we will be paying off my/our loan and request the return of my/our collateral.** Bancroft will receive payment posted for immediate credit in the amount of $159,004.07 ("Maturity Balance Due") from me/us no later than 5:00pm Eastern Time on the first business day following the Maturity Date. I/we understand that if I/we select this alternative but Bancroft has not received the requisite funds by 5:00pm Eastern Time on the first business day following the Maturity Date, I/we will forfeit my/our collateral in satisfaction of my/our debt obligation.

2. _____ Initial    **I/we would like to renew or refinance this transaction for an additional term of 3 years.** Please send a new Master Loan Financing and Security Agreement, Loan Agreement Rider, Loan Refinancing Rider and related Loan Schedule(s), all of which I/we understand we must sign in order to renew or refinance this transaction.
   Renewing: If my/our collateral value, as determined by the average closing prices of my/our collateral shares, as reported by the *Wall Street Journal*, for the ten trading days prior to the Maturity Date ("Collateral Value"), is worth less than the Maturity Balance Due, I/we would like to renew this transaction. I/we understand that I/we will not receive any incremental loan proceeds, and I/we have to pay the renewal fee of $7,202.88.
   Refinancing: If my/our Collateral Value is worth more than the Maturity Balance Due, I/we would like to refinance my/our loan and pledge my/our qualifying assets for a new term. If 90% of my/our Collateral Value is worth less than the Maturity Balance Due, I/we understand that I/we will not receive any incremental net loan proceeds and that the beginning loan balance of my/our new term will be the Maturity Balance Due of the maturing loan number 6893081-2-R10141, and I/we must pay the renewal fee of $7,202.88. If 90% of my/our Collateral Value is worth more than the Maturity Balance Due, I/we will apply the requisite amount of the proceeds from the refinancing of my/our transaction to pay the Maturity Balance Due, and I/we would like to receive any and all net incremental loan proceeds in cash.

3. _____ Initial    **I/we hereby officially surrender my/our collateral in satisfaction of my/our entire debt obligation.** If the Collateral Value is greater than the Maturity Balance Due, I/we request to receive the difference in _____ (select either "cash" or "combination of stock and cash").

**William E. & Joan F. McCarty, Client Number: 6893081**
West Haven, CT


_____                              _____
William E. McCarty                                             Date


_____                              _____
Joan F. McCarty                                                Date


BVLMLSAM1213