UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 OCT 28 A 9: 49
U.S. DISTRICT COURT
NEW HAVEN, CT

-------------------------------------------------------X

WILLIAM E. McCARTY,

           Plaintiff,

  - against -                                    Civil No. 3:03cv651 (MRK)

DERIVIUM CAPITAL, LLC, f/k/a FIRST
SECURITY CAPITAL; WACHOVIA BANK,
f/k/a WHEAT FIRST UNION SECURITIES,
f/k/a FIRST UNION CORP.; AMERICAN
ARBITRATION ASSOCIATION,

           Defendants.

10/27/04

-------------------------------------------------------X

### MEMORANDUM OF LAW ON BEHALF OF DEFENDANT
### WACHOVIA BANK, f/k/a WHEAT FIRST UNION SECURITIES, f/k/a
### FIRST UNION CORP. IN RESPONSE TO AMENDED ORDER TO SHOW CAUSE
### FILED SEPTEMBER 28, 2004 AND IN OPPOSITION TO CLAIMANT'S MOTION
### FOR DEFAULT JUDGMENT AND FOR SUMMARY JUDGMENT

#### Preliminary Statement

Plaintiff has moved for default judgment and for summary judgment in this action against all Defendants. In addition, by Amended Order to Show Cause filed on September 28, 2004 ("September 28 Order"), this Court has ordered Defendant Wachovia Bank, f/k/a Wheat First Union Securities, f/k/a First Union Corp. (hereinafter "Wachovia") to show cause why default should not be entered against it for failure to appear and respond in the above-captioned action. Wachovia submits this memorandum in response to the Court's September 28 Order, and in opposition to Plaintiff's motion for default judgment and for summary judgment, on the grounds that Plaintiff has never properly served Wachovia with a Summons and

Complaint in accordance with the requirements of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").[1] In any event, under the law of this Circuit, default is disfavored, particularly in cases such as this where Plaintiff has failed to clearly identify the entity he is purporting to sue, and filed a defective Complaint that the Court has already described as having "failed to demonstrate the requisite merit . . . for appointment of counsel." (Order filed January 9, 2004, Docket No. 12.)

## STATEMENT OF FACTS

Plaintiff filed the Complaint in this action on April 9, 2003. (Affidavit of Todd Ratner, sworn to October 26, 2004 ("Ratner Aff't") ¶ 6 and Exh. C.) The Complaint purports to name "Wachovia Bank" as a Defendant, with an address at 901 East Byrd Street, Richmond, Virginia 23219. However, there is no entity known as "Wachovia Bank" at that address, nor does an entity exist that is known as "Wachovia Bank, f/k/a Wheat First Union Securities, f/k/a First Union Corp." as indicated in the caption of this case. (Affidavit of Patricia Overton, sworn to October 26, 2004 ("Overton Aff't") ¶ 2; Ratner Aff't ¶ 2.) The address listed in Plaintiff's Complaint is a branch office as well as the home office of Wachovia Securities, LLC. Wachovia Securities, LLC is not a bank, and does not do business under the name Wachovia Bank. It is a broker-dealer and member of the New York Stock Exchange, Inc., and a non-bank affiliate of Wachovia Corporation. (Ratner Aff't ¶ 2.)

Plaintiff's Complaint consists of a half-page of skeletal allegations and incomprehensible claims apparently relating to a commercial loan transaction between

---

[1] The Complaint in this action has numerous defects that render it subject to dismissal, including lack of subject matter jurisdiction and failure to state a claim for relief. Under the circumstances, this response to the Court's September 28 Order will focus on the issue of default and address the defects of the Complaint to the extent that they relate to that issue. Pursuant to the September 28 Order, Plaintiff's motion for default judgment and for summary judgment was denied, without prejudice to Plaintiff's renewal of the motion after October 29, 2004, if Defendants had not responded to the September 28 Order.

2

Plaintiff and Defendant Derivium Capital, LLC, f/k/a First Security Capital ("Derivium"). (See Ratner Aff't ¶ 4 and Exh. A.) Plaintiff claims that he was entitled to receive 90 percent of the value of six stocks as a loan from Derivium. He claims he received a loan of $90,475.31, but that he should have received loan proceeds of a greater amount, $114,764.07, because the stock allegedly was worth $127,513.63 at the time in question. Accordingly, he claims he is owed an additional $24,288.76 in loan proceeds. He also wants interest to be paid to him on the amount of the alleged loan shortfall, plus punitive damages. The loan, and any documentation relating to it, is not otherwise described. In effect, Plaintiff appears to consider the Derivium loan to be a debt that is owed to him. The Complaint is self-contradictory in that regard since Plaintiff, as the borrower, would be the debtor, and Derivium the creditor.

Plaintiff's only allegations against Wachovia are twofold: he alleges that Wachovia became the "fiduciary of [his] portfolio," and that Wachovia "did nothing to insure that [he] received the correct amount of money from Derivium Capital." That is the sum total of his claim against Wachovia. He does not allege any contractual agreement with Wachovia relating to the alleged loan with Derivium, nor does he allege any relationship between Wachovia and Derivium, or otherwise state any factual basis for any claim against Wachovia relating to the alleged loan shortfall. He does not show how he was damaged by receiving a lesser loan amount than he expected, or how Wachovia could be deemed liable for any purported wrongdoing. The alleged claim against Wachovia is imaginary. As such, Plaintiff's Complaint fails on its face to meet the basic requirements of Rule 8(a), Fed. R. Civ. P., with respect to federal court jurisdiction, entitlement to relief and damages.

On or about June 11, 2003, a United States Marshal served papers relating to this case

3

on Wachovia Securities, LLC at its offices located in Richmond, Virginia. The Branch Compliance Manager, Patricia Overton, signed for the papers and then forwarded all of the papers to the Legal Department in the same building. (Overton Aff't ¶ 4.) Todd Ratner, an in-house attorney for Wachovia Securities, LLC, reviewed the papers that had been served and forwarded by Ms. Overton to the Legal Department. The papers included a Notice of Lawsuit and Request for Waiver of Service of Summons, bearing the signature of William E. McCarty, and an undated letter complaint bearing the signature of William E. McCarty. (Ratner Aff't ¶ 4 and Exh. A.) The papers did not include a Summons. (Id.) Mr. Ratner confirmed with Ms. Overton that no Summons had been served by the United States Marshal. (Ratner Aff't ¶ 4; Overton Aff't ¶ 5.)

On August 28, 2003, Mr. Ratner spoke by telephone with the Office of the Court Clerk in Hartford, Connecticut and confirmed the date of service by the United States Marshal in this action. He informed the Clerk's representative that there was no Summons served by the Marshal. The Clerk's representative informed Mr. Ratner that it was the responsibility of the Plaintiff to provide the Summons, and that he may not have done so in this case. (Ratner Aff't ¶ 5.)

By letter dated May 7, 2004, with copies to the Court and Plaintiff, Mr. Ratner informed the Clerk of the Court in New Haven, Connecticut that no Summons had been served with the papers delivered by the United States Marshal to Wachovia Securities, LLC, and that any purported service on "Wachovia Bank," Wachovia Securities, LLC or any other affiliated entity had been improper. He alerted both the Court and Plaintiff to the apparent misidentification of Wachovia Securities, LLC as "Wachovia Bank, f/k/a Wheat First Securities, f/k/a First Union Corp." in the case caption. He also cited to the provisions of

4

Rule 4(m), Fed. R. Civ. P., that call in part for dismissal of an action by a court *sua sponte* if service of a summons and complaint has not been effected within 120 days after the complaint is filed. (Ratner Aff't ¶ 6 and Exh. B.)

Pursuant to Mr. Ratner's May 7, 2004 letter, Plaintiff had notice that service was insufficient, yet even after that date there is no evidence of service of a Summons in this case upon a properly identified Wachovia entity. (Ratner Aff't ¶ 4 and Exh. B; Overton Aff't ¶¶ 3-5.)

## Argument

### POINT I

### NO DEFAULT SHOULD BE ENTERED BECAUSE PLAINTIFF FAILED TO PROPERLY SERVE WACHOVIA WITH A SUMMONS AS REQUIRED BY THE FEDERAL RULES

This case abounds in confusion of Plaintiff's making, beginning with the misidentification of Wachovia in the caption, continuing with the insufficiency of process and insufficiency of service of process on Wachovia, and concluding with a Complaint so defective on its face that it should be summarily dismissed. Clearly, with respect to Wachovia, no default should be entered because Plaintiff has failed to effect proper service upon Wachovia in accordance with the requirements of the Federal Rules of Civil Procedure.

First, there is no entity known as "Wachovia Bank, f/k/a Wheat First Union Securities, f/k/a First Union Corp." On the face of his Complaint, Plaintiff purports to sue a bank. However, he attempted to serve process on a broker-dealer, non-bank affiliate of Wachovia Corporation in Richmond, Virginia. The entity he attempted to serve was not the entity named in the caption of this case. Now he is seeking a default and summary judgment against

5

a non-existent entity that was never served. Under such circumstances, where there is failure of service, a default should not be entered. Cf., Rule 12(b)(4)-(5), Fed. R. Civ. P. (motion to dismiss for insufficiency of process, insufficiency of service of process).

Second, the purported service was insufficient because Plaintiff failed to comply with the requirements of Rule 4, Fed. R. Civ. P. Rule 4(c) states in pertinent part:

> (1) A summons shall be served together with a copy of the complaint. The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint.

In this case, Plaintiff failed to serve a Summons together with a copy of the Complaint. The rule states that the Plaintiff is responsible for service of a Summons with a copy of the Complaint within the time allowed under subdivision (m) -- i.e., within 120 days after the filing of the Complaint. The Complaint was filed on April 9, 2003, and Plaintiff had until August 8, 2003 to effect the required service on Wachovia. He failed to do so.

In the event that a plaintiff fails to serve the summons and complaint upon a defendant within the required time, Rule 4(m), Fed. R. Civ. P., provides as follows:

> . . . the court upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

In its September 28 Order, the Court has already ruled as follows:

> Defendants should also bear in mind that if they have not been properly served . . . then the Court will, upon a showing of good cause by the Plaintiff pursuant to Fed. R. Civ. P. 4(m), grant Plaintiff an extension of time in order to file the appropriate documents with the United States Marshals Service and effectuate service.

6

Wachovia respectfully submits that there can be no showing of good cause by Plaintiff for improper service. By copy of Mr. Ratner's letter to the Clerk of the Court dated May 7, 2004, Plaintiff was alerted to the problems now being addressed. He took no steps to remedy the problems. Even if he had, or even if the Court permits him additional time to effectuate proper service, the defects in his Complaint against Wachovia require summary dismissal as discussed below.

## POINT II

### EVEN IF THERE HAD BEEN A DEFAULT, APPLICABLE LAW WOULD REQUIRE THAT THE DEFAULT BE SET ASIDE AND THAT THE CASE BE DISMISSED

No default has been entered by the Clerk in this action against Wachovia, nor has there been a default judgment. Had there been, there would have been an opportunity for Wachovia to move pursuant to Rule 55(c) or Rule 60(b)(1), Fed. R. Civ. P., to vacate the default or default judgment. "A motion to vacate a default is subject to a less rigorous standard than applies to a Rule 60(b) motion to vacate a default judgment." *American Alliance Insurance Co. v. Eagle Insurance Co.*, 92 F.3d 57, 59 (2d Cir. 1996). *See also*, *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981).

In this Circuit, courts consider three factors in evaluating whether a default judgment should be vacated: (1) whether the default was willful; (2) whether the defendant has a meritorious defense; and (3) the level of prejudice to the non-defaulting party if relief from default is granted. *American Alliance Insurance Co.*, 92 F.3d at 59. Under Second Circuit precedent, willfulness requires evidence of bad faith. *Id.* at 60. The requirement of a meritorious defense is met if the defense is "'good at law so as to give the factfinder some

7

determination to make,'" and "need not be ultimately persuasive." *Id.* at 61, quoting *Anilina Fabrique de Colorants v. Aakash Chemicals and Dyestuffs, Inc.*, 856 F.2d 873, 879 (7th Cir. 1988). As a general matter, the Court of Appeals has reiterated that "[s]trong public policy favors resolving disputes on the merits," such that enforcing defaults should be limited to cases involving "egregious or deliberate conduct." *American Alliance Insurance Co.*, 92 F.3d at 61. *See also, In re Jose SEM, Debtor*, 40 B.R. 959 (1984) ("doubtful cases are to be resolved in favor of the party moving to set aside the default so that cases may be decided on their merits") (construing Fed. R. Civ. P. 55(c)).

This is not a close case. Here, there was a failure by Plaintiff to sue a properly identified entity, and there was no service of a Summons, which is Plaintiff's responsibility. Accordingly, there was not and could not have been any bad faith or egregious conduct on the part of Wachovia. Wachovia, in fact, alerted the Court and Plaintiff to the foregoing problems in the May 7, 2004 correspondence from Mr. Ratner, requesting relief under Rule 4(m), Fed. R. Civ. P. More to the point, there could be no prejudice to Plaintiff because of the meritorious defenses of Wachovia that require dismissal of Plaintiff's Complaint. The Court itself recognized the defects inherent in Plaintiff's Complaint when, in ruling on Plaintiff's motion for appointment of counsel on grounds of indigency, the Court stated that Plaintiff "had failed to demonstrate that his position in the case is likely to have merit." (Order filed January 9, 2004, Docket No. 12, quoting the Court's prior ruling filed on September 16, 2003, Docket No. 8.)

Plaintiff's Complaint fails on its face to meet the basic requirements of Rule 8(a), Fed. R. Civ. P., with respect to federal court jurisdiction, entitlement to relief and damages. First, this Court lacks subject matter jurisdiction. There is no statement in the Complaint of the

8

grounds upon which the Court's jurisdiction depends, in violation of Rule 8(a). There is no basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331 that is even remotely hinted at. To the contrary, Plaintiff's Complaint concerns nothing more than an alleged commercial loan relationship between Plaintiff and Defendant Derivium and, at most, the possible breach of a loan agreement relating to the amount of the loan proceeds. There is also no basis for diversity jurisdiction pursuant to 28 U.S.C. § 1332, since the Complaint, on its face, seeks $24,288.76 in alleged damages and thus fails to exceed the sum of $75,000, exclusive of interest and costs, as required by statute. It is Plaintiff's burden to show by competent proof that his claim is in excess of the statutory jurisdictional amount. Furthermore, he may not rely on a vague and unsupported claim for punitive damages to meet the requirement. *Fedor v. Amica Mutual Insurance Co.*, 2003 U.S. Dist. LEXIS 147 (D. Conn.), citing *Tongkook America, Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994). Accordingly, the Complaint must be summarily dismissed for lack of subject matter jurisdiction:

> Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court ***shall dismiss the action***.

Rule 12(h)(3), Fed. R. Civ. P (emphasis added).

Second, the Complaint contains no plain statement of any purported claim against Wachovia showing that the Plaintiff is entitled to relief, as also required by Rule 8(a). Plaintiff alleges that he did not receive all of the loan proceeds from Derivium that he was entitled to. No basis is articulated for any claim whatsoever against Wachovia.

Third, there is no specific demand for judgment against Wachovia. Plaintiff fails to plainly state how he has been damaged by any act or omission of Wachovia that is actionable.

The Complaint generally recites that Plaintiff wants the shortfall of the loan proceeds that he claims he was entitled to from Derivium, in the amount of $24,288.76, plus interest and punitive damages. However, the Complaint identifies Derivium as the lender, not Wachovia. Plaintiff fails entirely to link Wachovia to any claimed relief.

### CONCLUSION

For all of the foregoing reasons, Defendant Wachovia respectfully requests (i) that no default be entered against it for failure to appear and respond in the captioned matter, (ii) that Plaintiff's Complaint against Wachovia be dismissed for evident facial defects including, but not limited to, lack of subject matter jurisdiction, and (iii) for such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          October 27, 2004

Respectfully submitted,

KREBSBACH & SNYDER, P.C.

By: _____
    Victor A. Machcinski, Jr. (ct26343)

One Exchange Plaza
55 Broadway, Suite 1600
New York, New York 10006
Tel: (212) 825-9811
Fax: (212) 825-9828
E-mail: vmachcinski@krebsbach.com

Attorneys for Defendant Wachovia Bank, f/k/a Wheat First Securities, f/k/a First Union Corp.

10

***Of Counsel:***
Scott M. Charmoy, Esq. (ct15889)
CHARMOY & CHARMOY, L.L.C.
1700 Post Road, Suite D-3
P.O. Box 745
Fairfield, CT 06824
Tel: (203) 254-9393
Fax: (203) 254-9797
E-mail: charmoy@snet.net

***Of Counsel:***
Scott M. Charmoy, Esq. (ct15889)
CHARMOY & CHARMOY, L.L.C.
1700 Post Road, Suite D-3
P.O. Box 745
Fairfield, CT 06824
Tel: (203) 254-9393
Fax: (203) 254-9797
E-mail: charmoy@snet.net