UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM E. McCARTY | : | CIVIL ACTION |
| | : | NO. 3:03cv651 (MRK) |
| PLAINTIFF | : | |
| | : | |
| V. | : | |
| | : | |
| DERIVIUM CAPITAL, LLC, et al. | : | |
| | : | |
| DEFENDANT | : | OCTOBER 29, 2004 |

## DEFENDANT DERIVIUM CAPITAL, LLC'S
## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO STAY IN FAVOR OF ARBITRATION

Defendant, Derivium Capital, LLC ("Derivium") submits this Memorandum of Law in support of its Motion to Stay in Favor of Arbitration.

The present dispute involves a loan transaction between Plaintiff, a resident of Connecticut, and Derivium, a limited liability company located in Charleston, South Carolina. As set forth in the opening sentence of the Complaint, and in the Affidavit of Charles Cathcart ("Affidavit"), the matter at issue arises from a written agreement between Plaintiff and Derivium dated September 28, 1998.  See Affidavit, Ex. A.  Paragraph 13 of that written agreement states:

> The parties . . . agree to submit to arbitration any claims, disputes and
> controversies between them relating to this agreement.  It is further
> agreed that such arbitration shall proceed in Charleston, South Carolina,
> and shall be conducted in accordance with the Commercial Arbitration
> Rules of the American Arbitration Association.

As further set forth in the Affidavit, Plaintiff had originally brought the claim at issue in an arbitration, prior to the commencement of the present lawsuit, but did so in New York, rather than South Carolina, resulting in the dismissal of the arbitration. Affidavit, ¶ 6.  Rather than thereafter bringing the arbitration in South Carolina, Plaintiff has come to this Court, in

903818.DOC

disregard of the arbitration requirements of which he was clearly aware, and to which he is clearly bound.

Given that the transaction at issue is between a South Carolina company and a Connecticut resident, and involves interstate commerce, there is no question that the Federal Arbitration Act ("FAA") governs the present dispute.  See 9 U.S.C. §1; Allied-Bruce Terminix Cos. V. Dobson, 513 U.S. 265, 273-281 (1995); Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 401, 405 (1967).

The FAA provides that

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. §3.

In the present case, there can be no question that the matter at issue is "referable to arbitration under a written agreement."  As noted above, the agreement from which this lawsuit arises expressly provides for arbitration, and, recognizing this fact, Plaintiff himself had originally proceeded in arbitration.

Nor is there any question that the second of the two requirements for mandating a stay of proceedings under 9 U.S.C. §3 is satisfied here.  Derivium has never refused to arbitrate this claim,  is committed to file an appropriate demand for arbitration, to be held in South Carolina,  immediately upon the granting of this motion (see Motion to Stay, filed herewith)[1], and has not engaged in or consented to litigation in an alternate form.

---

[1] To the extent there is any question in this regard, under the Court's retained jurisdiction, Plaintiff would be able to so advise the Court would retain the power to lift the stay in the event that Derivium does not commence the arbitration promptly.

903818.DOC

In Doctor's Associates, Inc. v. Distajo, 66 F. 3rd 438 (2d. Cir. 1995), the Second Circuit reviewed long-established precedent defining "default" within the meaning of 9 U.S.C. §3 as equivalent to waiver of the right to arbitration. Id. at 454-55. The Distajo court quoted the earlier Second Circuit opinion in Kulukundis Shipping Co. v. Amtorg Trading Corp., 126 F.2d 978 (2d Cir. 1942), in which the court defined such default as arising when a party "has refused to go to arbitration or has refused to proceed with the hearing before the arbitrators once it has commenced." Distajo 66 F. 3d at 454, quoting Kulukundis, 126 F.2d at 989. The other examples of such default, as cited by Distajo from earlier Second Circuit holdings, involve parties who themselves initiated a court proceeding or "who participated at length in litigation" before filing a motion to stay. Distajo, 66 F.3d at 454-55. See also Cotton v. Slone, 4 F.3d 176, 179 (2d Cir. 1993) (waiver of right to arbitrate occurs where party "engages in protracted litigation that results in prejudice to the opposing party").

As this Court has recently noted, there is a strong policy in favor of arbitration agreements, and mandating district courts to enforce such agreements upon the filing of an appropriate motion pursuant to 9 U.S.C. §3. Discount Trophy Co., Inc. v. Plastic Dress-Up Co., Civ. No. 3:03cv2167(MRK), 2004 U.S. Dist. LEXIS 2659 (D. Conn. February 19, 2004). As a corollary to this presumption in favor of arbitration, the Second Circuit has noted that "any doubts concerning whether there has been a waiver are resolved in favor of arbitration," and that waiver "is not to be lightly inferred." Leadertex, Inc. v. Morganton Dyeing & Finishing Corp., 67 F.3d 20, 25 (2d. Cir. 1995).

In the present case, Derivium, which has yet to be properly served with the initiating summons in this litigation, has filed its Motion to Stay at the very outset of its appearance in the case, and prior to the conduct of any substantive proceedings.

903818.DOC

Based on the foregoing, it is respectfully submitted that a stay of this action should enter, pursuant to 9 U.S.C. §3, conditioned upon Derivium's commencement of an arbitration proceeding promptly upon the granting of the Motion to Stay.

                       DEFENDANT, DERIVIUM CAPITAL, LLC


                 By:_____s/Kenneth Rosenthal_____
                     Kenneth Rosenthal (ct05944)
                     BRENNER, SALTZMAN & WALLMAN LLP
                     Its Attorneys
                     271 Whitney Avenue
                     New Haven, CT  06507-1746
                     Juris No. 06063
                     Tel. (203) 772-2600
                     Fax (203) 772-4008

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was served by U.S. Mail this 29th day of October, 2004 upon:

William E. McCarty
113 Grove Place
West Haven, CT  06516


　　　　　　　　　　　　　　　　　　　_s/Kenneth Rosenthal_____
　　　　　　　　　　　　　　　　　　　Kenneth Rosenthal (ct05944)

903818.DOC