UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM E. McCARTY : | CASE NO. 3:03-CV-00651 (MRK) |
| Plaintiff : | |
| V. : | |
| : | |
| DERIVIUM CAPITAL, LLC, et al. : | |
| : | |
| Defendants : | JUNE 20, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
AMERICAN ARBITRATION ASSOCIATION'S MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(6) and L. Civ. R. 7(a), the Defendant, American Arbitration Association ("AAA"), respectfully files this Memorandum of Law in Support of its Motion to Dismiss the Plaintiff's action as to the AAA. The Court should dismiss the Plaintiff's Complaint against the AAA because, under the doctrine of arbitral immunity, the AAA is absolutely immune from claims arising out of the AAA's administration of arbitration proceedings between the Plaintiff, Devrivum Capital, LLC and Wachovia Bank.

**I.   FACTS**

The Plaintiff, William E. McCarty, commenced this action by a Complaint filed on or about April 9, 2003. The heart of the Plaintiff's Complaint is his claims against Derivium Capital, LLC ("Derivium") and Wachovia Bank concerning wrongs he claims they committed against him concerning one or more brokerage accounts. He also asserts a separate claim in his Complaint against the AAA, arising from the AAA's administration of an arbitration proceeding that was filed in accordance with an arbitration clause in a contract between plaintiff and Derivium. Specifically, plaintiff alleges that the AAA:

      (i)    granted him insufficient hardship relief from the AAA's standard arbitration fees; and

      (ii)    wrongfully assigned the arbitration to be conducted in Charleston, South Carolina, pursuant to his agreement with Derivium, despite his request that the arbitration be conducted in New York City to accommodate his physical disability.

It is also possible, but by no means clear, that the Plaintiff is asserting a claim against the AAA that the AAA violated his rights under the Americans with Disabilities Act and the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution by refusing his request to conduct the arbitration in New York City. Such fact, however, is irrelevant for purposes of this motion to dismiss.

In the last paragraph of his Complaint, the Plaintiff asks the Court to fine the AAA and award him punitive damages exceeding $25,000.

## II. ARGUMENT

### A. *Motion to Dismiss Under Rule 12(b)(6).*

Dismissal of a complaint pursuant to Rule 12(b)(6) for failure to state a claim on which relief can be granted is warranted if it appears beyond doubt that the claimant can prove no set of facts in support of his claim which would entitle him to relief. Sims v. Artuz, 230 F.3d 14, 20 (2d Cir. 2000); Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). A court's task in ruling on a Rule 12(b)(6) motion is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof. Official Comm. v. Coopers & Lybrand, 322 F.3d 147, 158 (2d Cir. 2003). A

complaint can be dismissed for failure to state a claim pursuant to a Rule 12(b)(6) motion raising an affirmative defense "if the defense appears on the face of the complaint." Id., quoting Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998).

"Courts may consider absolute immunity on a 12(b)(6) motion to dismiss when facts establishing the defense may be 'gleaned' from the complaint." Bodie v. Morgenthau, 342 F.Supp.2d 193, 204 (S.D.N.Y. 2004); see Hill v. City of New York, 45 F.3d 653, 662 (2d Cir. 1995)(affirming the dismissal of claims against a defendant pursuant to Rule 12(b)(6) on the basis of absolute prosecutorial immunity); Austern v. Chicago Board Options Exch., 898 F.2d 882, 886-87 (2d Cir. 1990)(affirming the dismissal of claims against an arbitration board pursuant to Rule 12(b)(6) on the basis of absolute arbitral immunity); Vol. 2 Moore's Federal Practice, § 12.34[4][b](Matthew Bender 3d ed. 2003)("Dismissal under Rule 12(b)(6) may also be appropriate when a successful affirmative defense or other bar to relief appears on the face of the complaint, such as the absolute immunity of the defendant....")

### B.   *The Court Should Dismiss the Plaintiff's Action As To The AAA, Because The AAA Is Absolutely Immune From Suit.*

The Plaintiff's claims against the AAA are barred by the doctrine of arbitral immunity. As a result, the Court should grant the AAA's Motion to Dismiss because the plaintiff cannot prove any set of facts that would entitle him to relief from the AAA.

Because an arbitrator's role is functionally equivalent to a judge's role, the federal Circuit Courts of Appeals have uniformly extended judicial and quasi-judicial immunity to arbitrators. Intern. Med. Group v. Am. Arbitration Ass'n, 312 F.3d 833,

843 (7th Cir. 2002); New England Cleaning v. Am. Arbitration Ass'n, 199 F.3d 542, 545 (1st Cir. 1999); Honn v. Nat'l Ass'n of Sec. Dealers, Inc., 182 F.3d 1014, 1017 (8th Cir. 1999); Hawkins v. Nat'l Ass'n of Sec. Dealers, Inc., 149 F.3d 330, 332 (5th Cir. 1998); Olson v. Nat'l Ass'n of Sec. Dealers, 85 F.3d 381, 382 (8th Cir. 1996); Austern v. Chicago Board Options Exch., 898 F.2d 882, 886 (2d Cir. 1990). These courts reason that arbitral immunity is essential to protect decision-makers from undue influence and protect the decision-making process from reprisals by dissatisfied litigants. Id. As the Court of Appeals for the Second Circuit has stated:

> The functional comparability of the arbitrators' decision-making process and judgments to those of judges and agency hearing examiners generates the same need for independent judgment, free from the threat of lawsuits. Immunity furthers this need. As with judicial and quasi-judicial immunity, arbitral immunity is essential to protect the decision-maker from undue influence and protect the decision-making process from reprisals by dissatisfied litigants.

Austern v. The Chicago Board Options Exchange, 898 F.2d 882, 886 (2d Cir. 1990), quoting Corey v. New York Stock Exchange, 691 F.2d 1205, 1211 (6th Cir. 1982).

The Circuit Courts of Appeals also agree that to give effect to these underlying policies, arbitral immunity extends beyond the arbitrators themselves to the organizations that sponsor arbitrations. Id. Arbitral immunity protects all acts within the scope of the arbitration process, including basic administrative functions performed by the sponsoring organization. Honn, 182 F.3d at 1017-18 (dismissing a claim that an arbitration sponsoring organization engaged in misconduct in carrying out its "normal administrative functions"); New England Cleaning, 199 F.3d at 545 (dismissing a claim that the AAA improperly proceeded with an arbitration,

4

scheduled a hearing, and billed the plaintiff for its services despite the plaintiff's claim that no arbitration agreement existed); Olson, 85 F.3d at 382 (dismissing a claim that the sponsoring organization violated its own rules in appointing a particular arbitrator).

The Circuit Courts of Appeals have routinely affirmed the dismissal of cases brought against arbitrators or arbitration associations pursuant to Rule 12(b)(6) on the basis of arbitral immunity. Intern. Med. Group v. Am. Arbitration Ass'n, 312 F.3d at 843; New England Cleaning, 199 F.3d at 545; Honn, 182 F.3d at 1017; Hawkins, 149 F.3d at 332; Olson, 85 F.3d at 382; Austern, 898 F.2d at 886-87. This is true even with respect to claims that an arbitration association violated a plaintiff's Constitutional rights. Hudson v. Am. Arbitration Ass'n, 101 Fed. Appx. 947, 2004 WL 1367591, at **1 (5th Cir. 2004)("Any equal protection claims or claims of misdeeds by the American Arbitration Association are barred by arbitral immunity."); Austern, 898 F.2d at 886-87 (affirming on the basis of arbitral immunity the dismissal of a claim that the arbitration association violated the plaintiff's right to due process under the Fourteenth Amendment).

Particularly instructive is the Second Circuit Court of Appeals' decision in Austern v. Chicago Board Options Exch., 898 F.2d 882, 886 (2d Cir. 1990). The plaintiff in Austern brought suit in the District Court against the Chicago Board Options Exchange ("CBOE"), an arbitration sponsoring association, seeking damages from the CBOE due to the CBOE's alleged negligent empanelling and scheduling of arbitration proceedings against them and alleged failure to provide them with adequate notice of the arbitration hearing in violation of their right to procedural due

process under the Fourteenth Amendment of the United States Constitution. Id. at 885. The District Court dismissed the Austerns' claim pursuant to Rule 12(b)(6) because the CBOE was shielded from liability under the doctrine of arbitral immunity. Id.

On appeal, the Second Circuit Court of Appeals affirmed the District Court's dismissal of the action in its entirety. The court recognized the applicability of the doctrine of arbitral immunity in the Second Circuit, holding that "arbitrators in contractually agreed upon arbitration proceedings are absolutely immune from liability in damages for all acts within the scope of the arbitral process." Id. at 886. The court reasoned that "[t]he functional comparability of the arbitrators' decision-making process and judgments to those of judges and agency hearing examiners generates the same need for independent judgment, free from the threat of lawsuits.... [A]rbitral immunity is essential to protect the decision-maker from reprisals by dissatisfied litigants." Id. The court rejected the Austerns' contention that the CBOE's alleged improper notice and scheduling of the arbitration hearing were ministerial acts outside of the scope of the arbitral immunity doctrine, holding instead that the doctrine extends to commercial sponsoring organizations for all functions that are integrally related to the arbitral process. Id. It is noteworthy that even the Austerns' Fourteenth Amendment due process claim was dismissed on the grounds of arbitral immunity. Id.

Following Austern and the other cases cited above, this Court should dismiss the Plaintiff's claim against AAA on the basis of arbitral immunity. The Plaintiff alleges that the AAA harmed him by failing to grant him sufficient hardship relief

from the AAA's standard arbitration fees and declining his request that the hearing be conducted in New York City rather than Charleston, South Carolina. On the face of the Plaintiff's Complaint, it is apparent that the AAA made these decisions directly in connection with the AAA's administration of the arbitration proceeding between the plaintiff and Derivium Capital and that the decisions were integrally related to the arbitration process. The AAA is therefore entitled to absolute immunity for these acts, including any claim by the Plaintiff that the AAA's alleged conduct violated his right to due process under the Fifth and Fourteenth Amendments of the United States Constitution. Accordingly, the Court should dismiss the Plaintiff's action under Rule 12(b)(6).

### III. CONCLUSION

For all of the foregoing reasons, Court should dismiss Plaintiff's action as to the AAA.

THE DEFENDANT,
AMERICAN ARBITRATION ASSOCIATION

By _____
William H. Champlin III, CT04202
Michael T. McCormack, CT13799
James R. Byrne, CT14632
TYLER COOPER & ALCORN, LLP
CityPlace - 35th Floor
Hartford, CT 06103-3488
Telephone: (860) 725-6200
Fax: (860) 278-3802
Email: champlin@tylercooper.com
       mmccormack@tylercooper.com
       jbyrne@tylercooper.com
- Its Attorneys -

## CERTIFICATION

This is to certify that I have served a copy of the foregoing on all counsel of record and pro se parties by causing it to be mailed on this 20th day of June, 2005 postage prepaid and properly addressed to:

William E. McCarty
113 Grove Place
P.O. Box 16684
West Haven, CT 06516

Kenneth Rosenthal
Brenner, Saltzman & Wallman
271 Whitney Ave.
P.O. Box 1746
New Haven, CT 06511-1746
(for Derivium Capital)

Victor A. Machcinski, Jr.
Krebsbach & Snyder
One Exchange Plaza
55 Broadway, Suite 1600
New York, NY 10006
(for Wachovia Bank)

_____
Michael T. McCormack