FILED

July 5, 2005

2005 JUL -8 P 12:29

U.S. DISTRICT COURT
NEW HAVEN, CT

United States District Court
District of Connecticut

William E. McCarty, Plaintiff
Case No. 3:03-CV-00651
Pro-Se 4/9/03

vs.

Derivium Capital, LLC, ET. AL., Defendants

**Reason why motion to dismiss should be denied:**

A request for trial by jury.

AAA shows case after case why they should not be held accountable, but not one why case should not have been transferred to a site where I would be able to be present and present my charges against Derivium Capital, LLC(Derivium) "During this time Derivium was sold to Bancroft Ventures, LTD". Bancroft is a Russian company that shows the Isle Of Man IMI 1AP British Isles. "The Isle of Man Business is immune of the following: liabilities, damages, etc. of the United States Courts>

This ruling was upheld by the Congress of the United States in the year 2004.

AAA should have allowed this arbitration to have been held in New York City, NY, per my request.

My letter to Mr. Frank Zotto, vice President AAA, 335 Madison ave, NY, NY 10017, attached.

This letter dated 2/11/03 shows why this should not be dismissed. "Quotes" the American Disability Act, The arbitration procedures from the Securities and Exchange Commission, Washington, DC.

The Fifth and Fourteenth amendment are violated by not allowing me due process of the law. By not allowing a change of location I could not present my case on account of my disability.

"Part B" you state that AAA is absolutely immune from suit. I state that a judge did not make any ruling, an arbitrator did not make any ruling. A supervisor and a vice president made a ruling without any arbitrator ruling. One way or another thus ignoring the

American Disability Act, the S.E.C. ruling on locations, and their own rules on location. That caused the violation of the Fifth and Fourteenth amendment which is that no person shall be "deprived of life, liberty or property without due process of law". The Fifth Amendment states that. The same limitation on the power of the states is contained in the Fourteenth amendment. Therefore any ruling of the State of South Carolina does not apply. The American Disabilities Act states the same regarding state and federal law.

I am not charging arbitrators, I am suing the American Arbitration Association, and the parties that made these decisions.

Part "C"

Motion for William E. McCarty to proceed in Forma Pauperis (Rodko, R) entered : 4-8-03.

The court cautions that I, Mr. William E. McCarty, and other parties are not permitted to divulge to the court the contents of settlement discussions regarding Derivium Capital, LLC. "In other words, the court is not permitted to communicate with one party to the exclusion of the other". It is so ordered by Mark Kravitz, United States District Judge, New Haven, CT, March 24, 2005.

Therefore, the reasons, amounts or any discussion are to have no bearing what so ever with the other defendants, American Arbitration Association or Wachovia Bank.

Part "D"

I the Pro Se Plaintiff, William e. McCarty, would like at this time to request a trial by jury, as it is unlikely this case will settle any other way.

Part "E"

I will present to the court no later than 30 days the following documents, showing exact that Mr. George Gordon, III and Wheat first Union became the Fiduciary.

*William E. McCarty*
William E. McCarty
113 Grove Place
West Haven, CT 06516

7/8/05

Michael T. McCormack (for AAA)
Tyler, Cooper & Alcorn, LLP
City Place, 35th floor
Hartford, CT 06103-3488

Victor A. Machcinski, Jr. (for Wachovia)
Krebs, Bach & Snyder
One Exchange Plaza
55 Broadway, Suite 1600
New York, NY 10006

Kenneth Rosenthal (for Derivium)
Brenner, Saltzman & Wallman
PO Box 1746
New Haven, CT 06511-1746



1 Marydale Road
West Haven, CT 06516
February 11, 2003

Mr. Frank Zotto
Vice President, AAA
335 Madison Avenue
New York, New York  10017

Re: William E. McCarty
    Joan F. McCarty    & Derivium Capital

Dear Mr. Zotto:

    As per our many discussions, it was never my intention to withdraw our case against Derivium Capital. Therefore, I am returning to you the records for my case against Derivium Capital and two copies to Derivium Capital just in case their records have been discarded.

    I am also, at this time, including First Union, Wheat Bank (now Wachovia Bank) in these proceedings. They breached their fiduciary duties in both Part One and Part Two of my claim. They also might have violated banking laws if they used my stock certificates as collateral to obtain the loan from a Canadian bank at the time  (1998).

    I ask at this time that AAA look at your pamphlet on page 15, R-4 provision in a contract which was not done in first filing. I also ask that the laws and rules of Title II under the Civil Rights Act of 1964 now the The American Disabilities Act. Individuals with disabilities, the denial of participation due to my disability. This falls under General Requirements Regulatory References, 28 CFR 35.130-35.135 Sec. II—3.1000 General through II 3.4000. I come under three or more of these laws. II-1.4200 other Federal and State Laws American Disability Act does prevail over any conflicting laws.

    Therefore, the request of New York City, New York, for the location I want upheld. If a change be ordered, let the arbitrator assigned to the case make that decision, stating his reason as to the laws on disability not be upheld.

    The arbitration procedures I received from the Securities and Exchange Commission, Washington, D.C. Office of Investor Education and Assistance in the form a pamphlet, Securities Industry Conference of Arbitration (SICA) page 7, paragraph 5 Location: "State where the claimant wants the case to be heard and the reason for that choice. The Actual decision as to place of hearing is made by the Director of Arbitration." It also states "the hearing location is close to where the claimant resides when the dispute arose regardless of a predisputed agreement to the contrary."

     I am also stating hardship again. Referring to the letter and decision made by your Mrs. Shanks, E. Providence office, that I accepted previously. My income and finances have not changed to any degree.

     I also refer to THE SIX CIRCUIT COURT OF BATWE ~~court creates new~~ test for enforceability of arbitration fee clauses, 2-3-2003 referring to your DR world.com of the same date. I was not able to read the whole story as I am not a member, but received some from NASD and SAC. So I ask again cost be settled after hearing.

     I started the first proceeding on this matter in September, 1999. It is now mid-February, 2003. I beg that you or anyone else proceed and not let this case linger any longer.

                                         Sincerely yours,

                                         William E. McCarty

                                         Joan F. McCarty

Cc:    Derivium Capital
        Parkshore Centre, Suite 125
        One Post Road
        Charleston, S.C. 29407

        Wachovia Bank
        901 East Byrd Street, 2nd Floor
        Richmond VA, 23219
        Attn: George M. Gordon

        State of Connecticut
        Office of the Attorney General
        MacKenzie Hall
        110 Sherman St.
        Hartford, CT 06105-2294
        Sandra G. Arenas, Esq.

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed, postage prepaid, on the date posted to parties of record:

MICHAEL T. McCORMACK
TYLER, COOPER & ALCORN, LLP ✓
CITY PLACE, 35TH. FLOOR
HARTFORD, CT. 06103-3488
FOR AAA

AMERICAN ARBITRATION ASSC. ✓
950 WARREN AVE.
E. PROVIDENCE, R.I. 02914
SHANKS V.P.

*William E. McCarty* ✓
William E. McCarty    7/8/05
113 Grove Place
West Haven, CT 06516

Pro Se granted 4/9/03

VICTOR A. MACHCINSKI, JR.
KREBS, BACH & SNYDER
ONE EXCHANGE, PLACE ✓
55 BROADWAY, SUITE 1600
NEW YORK, NY. 10006
FOR WACHOVIA

AMERICAN ARBITRATION. ✓
335 MADISON AVE.
NEW YORK, N.Y. 10017
ATTN. MR. FRANK ZOTTO. V.P.

WACHOVIA BANK
901 EAST BYRD ST. ✓
2nd. FLOOR
RICHMOND, VA. 23219
ATTN. MR. G. GORDON III

KENNETH ROSENTHAL ✓
BRENNER, SALTZMAN & WALLMAN
P.O. BOX 1746, NEW HAVEN, CT. 06511