UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM E. McCARTY | : | CASE NO. 3:03-CV-00651 (MRK) |
|     Plaintiff | : | |
| V. | : | |
| | : | |
| DERIVIUM CAPITAL, LLC, et al. | : | |
| | : | |
|     Defendants | : | JULY 19, 2005 |

### AMERICAN ARBITRATION ASSOCIATION'S REPLY TO PLAINTIFF'S OBJECTION TO MOTION TO DISMISS

Pursuant to L. Civ. R. 7(d), the Defendant, American Arbitration Association ("AAA"), respectfully files this Reply to the letter, dated July 5, 2005, that the Plaintiff, William E. McCarty, sent to the Court in response to the AAA's Motion to Dismiss. Although the Plaintiff's letter is largely incomprehensible, he appears to make the following two arguments in response to the AAA's Motion to Dismiss on pages 1 and 2 of the letter: (1) the AAA is not entitled to arbitral immunity because an administrator, and not an arbitrator or judge, made the decision to deny the Plaintiff's request that the arbitration be held in New York City; and (2) the AAA is not entitled to immunity because its decision allegedly violated the Plaintiff's Constitutional rights. As indicated in the Memorandum of Law that the AAA filed in Support of its Motion to Dismiss, both of these arguments are unavailing, because the doctrine of arbitral immunity shields the AAA from liability for its decision in this matter.

First, the Federal Circuit Courts of Appeals, including the Second Circuit Court of Appeals, have uniformly extended arbitral immunity to the organizations that sponsor arbitrations for <u>all</u> acts within the scope of the arbitration process, including basic administrative functions performed by the sponsoring organization. <u>Honn v. Nat'l Ass'n</u>

of Sec. Dealers, Inc., 182 F.3d 1014, 1017 (8th Cir. 1999)(affirming on the basis of arbitral immunity the dismissal of a claim that an arbitration sponsoring organization engaged in misconduct in carrying out its "normal administrative functions"); New England Cleaning v. Am. Arbitration Ass'n, 199 F.3d 542, 545 (1st Cir. 1999)(affirming on the basis of arbitral immunity the dismissal of a claim that the AAA improperly proceeded with an arbitration, scheduled a hearing, and billed the plaintiff for its services despite the plaintiff's claim that no arbitration agreement existed); Olson v. Nat'l Ass'n of Sec. Dealers, 85 F.3d 381, 382 (8th Cir. 1996)(affirming on the basis of arbitral immunity the dismissal of a claim that the sponsoring organization violated its own rules in appointing a particular arbitrator); Austern v. Chicago Board Options Exch., 898 F.2d 882, 886 (2d Cir. 1990)(affirming on the basis of arbitral immunity the dismissal of a claim that the sponsoring organization improperly noticed and scheduled the arbitration hearing and improperly selected the arbitrators).

Second, the Federal Circuit Courts of Appeals, including the Second Circuit Court of Appeals, have extended the doctrine of arbitral immunity to shield arbitral sponsoring organizations from liability even for alleged violations of a party's Constitutional rights. Hudson v. Am. Arbitration Ass'n, 101 Fed. Appx. 947, 2004 WL 1367591, at **1 (5th Cir. 2004)("Any equal protection claims or claims of misdeeds by the American Arbitration Association are barred by arbitral immunity."); Austern, 898 F.2d at 886-87 (affirming on the basis of arbitral immunity the dismissal of a claim that the arbitration association violated the plaintiff's right to due process under the Fourteenth Amendment.)

For these reasons, and the other reasons articulated in the AAA's supporting Memorandum of Law, the Court should dismiss the Plaintiff's action against the AAA pursuant to Rule 12(b)(6).

> THE DEFENDANT,
> AMERICAN ARBITRATION ASSOCIATION
>
> By_____
>   William H. Champlin III, CT04202
>   Michael T. McCormack, CT13799
>   James R. Byrne, CT14632
>   TYLER COOPER & ALCORN, LLP
>   CityPlace - 35th Floor
>   Hartford, CT 06103-3488
>   Telephone: (860) 725-6200
>   Fax: (860) 278-3802
>   Email: champlin@tylercooper.com
>         mmccormack@tylercooper.com
>         jbyrne@tylercooper.com
>         - Its Attorneys -

## CERTIFICATION

This is to certify that I have served a copy of the foregoing on all counsel of record and pro se parties by causing it to be mailed on this 19th day of July, 2005 postage prepaid and properly addressed to:

William E. McCarty
113 Grove Place
P.O. Box 16684
West Haven, CT 06516

Kenneth Rosenthal
Brenner, Saltzman & Wallman
271 Whitney Ave.
P.O. Box 1746
New Haven, CT 06511-1746

Victor A. Machcinski, Jr.
Krebsbach & Snyder
One Exchange Plaza
55 Broadway, Suite 1600
New York, NY 10006

James R. Byrne

LT00003634V001.wpd