UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------X

WILLIAM E. McCARTY,

            Plaintiff,

- against -                        Civil No. 3:03cv651 (MRK)

DERIVIUM CAPITAL, LLC, et al.,

            Defendants.           December 20, 2005

------------------------------------------------------------X

**MEMORANDUM OF LAW ON BEHALF OF DEFENDANT
WACHOVIA BANK, f/k/a WHEAT FIRST UNION SECURITIES, f/k/a
FIRST UNION CORP., IN SUPPORT OF ITS MOTION TO DISMISS**

**Preliminary Statement**

Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and L. Civ. R. 7(a), Defendant Wachovia Securities, LLC, erroneously sued herein as Wachovia Bank, f/k/a Wheat First Union Securities, f/k/a First Union Corp. (hereinafter "Wachovia"), respectfully submits this Memorandum of Law in support of its motion to dismiss Plaintiff's Complaint in this action as against Wachovia. As a threshold matter, Plaintiff has failed to allege any facts that vest this Court with subject matter jurisdiction over Wachovia. In addition, Plaintiff has failed to state a claim against Wachovia upon which relief can be granted. Accordingly, Wachovia should be dismissed from this action.

## STATEMENT OF FACTS

Plaintiff filed the Complaint in this action on or about April 9, 2003. (A copy of the Complaint against Wachovia is attached hereto as Exhibit A.) Although the caption of this case identifies "Wachovia Bank, f/k/a Wheat First Union Securities, f/k/a First Union Corp." as a Defendant, the correct name of the subject entity is Wachovia Securities, LLC. As a result of several business combinations, Wachovia Securities, LLC is a successor in interest to a number of broker-dealers that no longer exist, including First Union Securities, Inc. and Wheat First Securities, Inc. (Affidavit of Todd Ratner, sworn to October 26, 2004, ¶¶ 2-3 (original filed with the Court on October 28, 2004, Document No. 23). Plaintiff's purported claims against Wachovia in this case relate to a securities account that he opened in or about October 1998 with a predecessor firm to Wachovia Securities, LLC, i.e., Wheat First Union, the "securit[ies] division" of Wheat First Securities, Inc. (*Id.*; Complaint, Exh. A hereto.)

There are no other Defendants left in this case besides Wachovia. Plaintiff settled his claims against Defendant Derivium Capital, LLC, f/k/a First Security Capital ("Derivium"), and this Court dismissed Derivium from this action in March 2005. (*See* Court's Order filed and entered on March 21, 2005 (Document No. 47), granting Plaintiff's Motion to Drop Defendant Derivium Capital LLC as Defendant Pursuant to Settlement Agreement (Document No. 46).) The other Defendant in this case, the American Arbitration Association, was dismissed by the Court's Order on Motion to Dismiss filed and entered on November 21, 2005 (Document No. 58).

### Allegations of the Complaint

Plaintiff's Complaint consists of a half-page of skeletal allegations principally relating to a loan transaction between Plaintiff and (now dismissed) Derivium – not Wachovia. According to the Complaint, Plaintiff entered into a loan transaction with Derivium. His complaint alleges that he is owed $24,283.76 from Derivium as a result of the loan transaction, plus an unspecified amount of interest and punitive damages. As previously noted, Plaintiff and Derivium have settled their dispute.

Plaintiff's only allegations against Wachovia appear to be twofold: (i) he alleges that Wachovia became the "fiduciary" of a portfolio of six stock certificates that were received by Wachovia on October 5, 1998 and then transferred, pursuant to his instruction, to Derivium on October 8, 1998; and (ii) that Wachovia "did nothing to insure that [Plaintiff] received the correct amount of money from Derivium Capital." The Complaint is completely devoid of any facts in support of these allegations.

### Summary of Argument

Plaintiff's Complaint against Wachovia is defective on its face, and must be summarily dismissed pursuant to Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P., for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. The Court itself recognized the defects inherent in Plaintiff's Complaint when, in ruling on Plaintiff's motion for appointment of counsel on grounds of indigency, the Court stated that Plaintiff "had failed to demonstrate that his position in the case is likely to have merit."

(Order filed January 9, 2004, Document No. 12, quoting the Court's prior ruling filed on September 16, 2003, Document No. 8.)[1]

## Argument

### POINT I

### PLAINTIFF'S COMPLAINT AGAINST WACHOVIA SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

This Court lacks jurisdiction over the subject matter of Plaintiff's Complaint.

> Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court *shall dismiss the action*.

Rule 12(h)(3), Fed. R. Civ. P (emphasis added). Here, there is no statement in the Complaint that sets forth the grounds upon which the Court's jurisdiction depends, in violation of Rule 8(a), Fed. R. Civ. P.

However, even if Plaintiff had attempted to state such a basis, it is clear from the Complaint that none exists. The allegations in the Complaint do not frame a federal question, or meet the minimum standards for diversity jurisdiction. At best, Plaintiff has alleged a $24,288.76 state law breach of fiduciary duty claim against Wachovia. In the absence of any claim arising out of "the Constitution, laws, or treaties of the United States," as required to invoke federal question jurisdiction under 28 U.S.C. § 1331, *see Vitale v. First Fidelity Leasing Group, Inc.*, 1999 U.S. Dist. LEXIS 10958, *6-7 (D. Conn. 1999), Plaintiff must

---

[1] As noted in Wachovia's Memorandum of Law filed in this case on October 28, 2004 (Document No. 21, pp. 5 et seq.), this case abounds in confusion of Plaintiff's making, beginning with the misidentification of Wachovia in the caption, continuing with the insufficiency of process and insufficiency of service of process on Wachovia, and concluding with Plaintiff's manifest failure to meet the basic requirements of the Federal Rules of Civil Procedure.

sufficiently allege facts to invoke diversity jurisdiction in order to remain in federal court. In this case, there is no basis for diversity jurisdiction pursuant to 28 U.S.C. § 1332, since the Complaint, on its face, fails to exceed the $75,000 minimum amount in controversy, exclusive of interest and costs, as required by statute.[2] Under § 1332, if on the face of the complaint, the $75,000 amount in controversy cannot be recovered 'to a legal certainty,' the case should be dismissed. *See Nwanze v. Time, Inc.*, 2005 U.S. App. LEXIS 4025, *4-5 (2d Cir. 2005). Here, the amount in controversy is, at most, $24,288.76. Plaintiff may not rely on a vague and unsupported claim in his Complaint for punitive damages to meet the $75,000 requirement. *Fedor v. Amica Mutual Insurance Co.*, 2003 U.S. Dist. LEXIS 147 (D. Conn.), citing *Tongkook America, Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994). Accordingly, the Complaint must be summarily dismissed for lack of subject matter jurisdiction.

### POINT II

### PLAINTIFF'S COMPLAINT AGAINST WACHOVIA SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM FOR RELIEF

A. **Standards for Considering a Motion to Dismiss**

Even assuming for the moment that subject matter jurisdiction exists in this case, which there is none, pursuant to Rule 12(b)(6), Fed. R. Civ. P., Plaintiff's claims should be dismissed for failure to state a claim upon which relief may be granted when, viewing the allegations in the Complaint in the light most favorable to him and drawing all reasonable

---

[2] In light of Plaintiff's settlement with Derivium, it is highly unlikely he has any damages at all, much less the minimum amount needed to invoke diversity jurisdiction.

inferences in his favor, it appears certain that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See United States v. Space Hunters, Inc.,* 2005 U.S. App. LEXIS 24139, *39 (2d Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice to prevent a motion to dismiss pursuant to Rule 12(b)(6). *Leeds v. Meltz,* 85 F.3d 51, 53 (2d Cir. 1996), affirming decision below, 898 F. Supp. 146 (E.D.N.Y. 1995); *Parker v. N.Y.C. Off-Track Betting,* 1998 U.S. Dist. LEXIS 5467, *5 (S.D.N.Y. 1998).

In ruling on a motion to dismiss, a court should consider only those facts stated on the face of the complaint or incorporated into the complaint by reference, and matters of which judicial notice may be taken. Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief. *See McKenna v. Wright,* 386 F.3d 432, 435 (2d Cir. 2004). A complaint can be dismissed for failure to state a claim pursuant to a Rule 12(b)(6) motion raising an affirmative defense "if the defense appears on the face of the complaint." *Id.* (quoting *Pani v. Empire Blue Cross Blue Shield,* 152 F. 3d 67, 74 (2d Cir. 1998)).

Even though it is well established that pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, *Daise v. Goord,* 2004 U.S. App. LEXIS 19033, *2-3 (2d Cir. 2004), *Lerman v. Board of Elections,* 232 F.3d 135, 140 n.3 (2d Cir. 2000), Plaintiff's status as a pro se litigant does not eliminate the pleading requirements in the Federal Rules of Civil Procedure. In all federal cases, conclusory allegations or legal conclusions masquerading as factual allegations will not suffice to prevent a motion to dismiss. *Parker, supra,* 1998 U.S. Dist. LEXIS 5467, *5.

**B.     The Complaint Fails to State a Claim Upon Which Relief Can Be Granted**

As a matter of law, Plaintiff cannot prevail on a state law breach of fiduciary claim, or any other claim against Wachovia.

*1.     Plaintiff's Claims Are Barred by the Statute of Limitations*

The only purported cause of action that Plaintiff arguably asserts against Wachovia is a state law claim for breach of fiduciary duty. Under Connecticut law, the limitations period for this claim, pursuant to Connecticut General Statutes Section 52-577, is three years. *Halbrecht v. Prudential-Bache Properties, Inc.*, 1991 U.S. Dist. LEXIS 20142, *13 (D. Conn. 1991) ("The allegations of . . . breach of fiduciary duty are subject to Connecticut's statute of limitations requiring that claims founded upon a tort be brought 'within three years from the date of the act or omission complained of'"). *See also Jane Doe v. Stephen Baker*, 2000 Conn. Super. Ct. LEXIS 44, *13 (Jan. 7, 2000) ("Actions sounding in breach of trust or breach of fiduciary duty are governed by 52-577 of the General Statutes"); *Hoskins v. Titan Value Equities Group, Inc.*, 1999 Conn. Super. Ct. LEXIS 905, *5-6 (Apr. 7, 1999).

Connecticut General Statutes Section 52-577 "is an occurrence statute, meaning that the time period within which a plaintiff must commence an action begins with the date of the act or omission complained of, not the date when the plaintiff first discovers an injury." *Jane Doe, supra,* 2000 Conn. Super. Ct. LEXIS 44, *13-14. Plaintiff's purported cause of action against Wachovia for breach of fiduciary duty would have accrued at the time that Wachovia supposedly failed to ensure that he received the correct loan amount from Derivium, which Plaintiff alleges occurred "[d]uring the three days" from October 5 to October 8, 1998. Under Connecticut law, Plaintiff was required to have filed his claims against Wachovia by October

7

2001 to have been timely. He did not file his Complaint until April 9, 2003 – 18 months late. Consequently, Plaintiff's claims are barred by the statute of limitations, and should be dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P.

### 2. *Plaintiff Fails to State a Claim for Breach of Fiduciary or Other Duty*

Apart from the absolute bar of the applicable statute of limitations, there is no factual or legal basis set forth in the Complaint to support Plaintiff's conclusory allegation that Wachovia had a fiduciary relationship with Plaintiff, much less that Wachovia supposedly breached a purported fiduciary duty or any other duty of care.

Under Connecticut law, a fiduciary relationship exists where "'there is a justifiable trust confided in one side and a resulting superiority and influence on the other.'" *Southbridge Associates, LLC v. Garofalo*, 53 Conn. App. 11, 18, 728 A.2d 1114, 1118 (1999) (quoting *Alaimo v. Royer*, 188 Conn. 36, 41, 448 A.2d 207, 209 (1982)). "A fiduciary relationship is characterized by 'a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interest of the other.'" *Id.*, 53 Conn. App. at 18, 728 A.2d at 1118-19, (quoting *Dunham v. Dunham*, 204 Conn. 303, 322, 528 A.2d 1123, 1133 (1987), overruled in part on other grounds, *Santopietro v. New Haven*, 239 Conn. 207, 213 n.8, 682 A.2d 106, 109 (1996)).

As noted by the court in *Southbridge Associates*, "[g]enerally there exists no fiduciary relationship merely by virtue of a borrower lender relationship between a bank and its customer." *Id.* In *Kwiatkowski v. Bear, Stearns & Co., Inc.*, 306 F.3d 1293 (2d Cir. 2002), Bear Stearns had been sued by its client, Kwiatkowski, for millions of dollars in losses in a non-discretionary securities brokerage account, alleging common law negligence and breach

of fiduciary duty for failing to warn him of risks, failing to keep him informed of market forecasts and for negligent advice concerning the timing of his trades. The Second Circuit ruled that in a non-discretionary securities account, there is no ongoing duty of reasonable care that requires a brokerage firm to give advice or monitor information beyond the limited transaction-by-transaction duties that are implicated in executing its customer's instructions. *Kwiatkowski,* 306 F.3d at 1305-07.

*Kwiatkowski* reaffirms the long-standing weight of authority within the federal system that the duties of a broker in handling a non-discretionary account are limited, and do not rise to the level of a general fiduciary duty or ongoing duty of care. *See, e.g., Associated Randall Bank v. Griffin, Kubik, et al.,* 3 F.3d 208, 212 (7th Cir. 1993) (Wisconsin); *Puckett v. Rufenacht, Bromagen & Hertz,* 949 F.2d 789 (5th Cir. 1992) (after certification of question to Mississippi Supreme Court, held that there is no fiduciary duty with regard to non-discretionary commodities account); *Lefkowitz v. Smith Barney,* 804 F.2d 154, 155 (1st Cir. 1986) (per curiam) (Massachusetts); *McCracken v. ContiCommodity Services, Inc.,* 755 F.2d 454 (8th Cir. 1988); *Hotmar v. Listrom & Co., Inc.,* 808 F.2d 1384 (10th Cir. 1987) (Kansas); *Leboce, S.A. v. Merrill Lynch,* 709 F.2d 605, 607 (9th Cir. 1983) (no fiduciary duty where broker had no discretionary authority to make trades in customer's account); *Salzmann v. Prudential Securities Inc.,* No. 91 Civ. 4253, 1994 U.S. Dist. LEXIS 6377, at *21-22 (S.D.N.Y. 1994) (broker owes no fiduciary duty to client in a non-discretionary "typical" broker-client relationship); *Refco, Inc. v. Troika Inv. Ltd.,* 702 F.22d 684 (N.D. Ill. 1988) (absence of discretion given to the broker precluded a finding of fiduciary duty); *Leib v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 461 F. Supp. 951 (E.D. Mich. 1978), *aff'd mem.,*

647 F.2d 165 (6th Cir. 1981); *Robinson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 337 F. Supp. 107, 114 (N.D. Ala. 1971), *aff'd*, 453 F.2d 417 (5th Cir. 1972).

Again, the only factual allegation in Plaintiff's entire Complaint regarding Wachovia is as follows:

> Wachovia Bank [sic] f.k.a. Wheat First Union, the security division on Oct 5, 1998 received from Derivium Capital LLC f.k.a. First Security Capital, a portfolio of 6 stock certificates in my name, thus they became the fiduciary of my portfolio. On the 8th day of Oct 1998, they transferred the portfolio back to Derivium Capital LLC. During the three days in question they did nothing to insure that I received the correct amount of money from Derivium Capital
> . . . .

As a matter of law, simply receiving stock certificates into an account does not rise to the level of a fiduciary relationship. Plaintiff makes no attempt to allege that the account was discretionary (which it was not), or that Wachovia exerted control over the account. Rather, the Complaint confirms that Wachovia carried out the only responsibility it had – to transfer Plaintiff's securities to Derivium pursuant to Plaintiff's instructions. As such, the Complaint fails to state a claim for breach of fiduciary duty or any other duty of care upon which relief can be granted. Accordingly, Plaintiff's Complaint against Wachovia should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## **CONCLUSION**

For all of the foregoing reasons, Defendant Wachovia respectfully requests (i) that Plaintiff's Complaint against Wachovia be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Fed. R. Civ. P., and for failure to state a claim upon which relief

can be granted pursuant to Rule 12(b)(6), Fed. R. Civ. P., and (ii) that Wachovia be granted such other and further relief as the Court deems just and proper.

Dated:   New York, New York
December 20, 2005

                              Respectfully submitted,

                              KREBSBACH & SNYDER, P.C.

                              By: _____
                                   Victor A. Machcinski, Jr. (ct26343)

                              One Exchange Plaza
                              55 Broadway, Suite 1600
                              New York, New York 10006
                              Tel: (212) 825-9811
                              Fax: (212) 825-9828
                              E-mail: vmachcinski@krebsbach.com

                              Attorneys for Defendant Wachovia Bank, f/k/a Wheat
                              First Securities, f/k/a First Union Corp.

***Of Counsel:***
Scott M. Charmoy, Esq. (ct15889)
CHARMOY & CHARMOY, L.L.C.
1700 Post Road, Suite D-3
P.O. Box 745
Fairfield, CT 06824
Tel: (203) 254-9393
Fax: (203) 254-9797
E-mail: charmoy@snet.net

# EXHIBIT A

Complaint Against:
Wachovia Bank
George M Gordon III
901 East Byrd St
2nd Floor
Richmond, VA 23219
Case# 303CV00651CFD

Wachovia Bank f.k.a Wheat First Union, the security division on Oct 5, 1998 received from Derivium Capital LLC f.k.a. First Security Capital, a portfolio of 6 stock certificates in my name, thus they became the fiduciary of my portfolio. On the 8th day of Oct 1998, they transferred the portfolio back to Derivium Capital LLC. During the three days in question they did nothing to insure that I received the correct amount of money from Derivium Capital, which was to be 90% of the stock value on the 6 stock certificates. The value on the day in question of the stocks was $127,513.63. I only received $90,475.31. (90% of $127,513.63 is $114,764.07) We had a difference of $24,288.76. The records I asked for from Derivium Capital one year later shows the amount to be $127,513.63 gross and 90% equaling $114,764.07.

Also, paper work shows Mr. George M Gordon III did not even receive some of this paper work until 10/15/98 at 1:50:40 pm.

It also shows that Wachovia Bank used my stock certificates to obtain the loan thru a Toronto Dominican Bank for $90,475.31.

Therefore, I am asking for the $24,288.76 difference plus interest of 10.59% compounded for a minimum of 4 ½ years, plus punitive damages of no less than $50,000.00.

*William E McCarty*
William E McCarty
1 Marydale Rd
West Haven, CT 06516
Case # 303CV00651CFD