UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------------X

WILLIAM E. McCARTY,

           Plaintiff,

- against -                                         Civil No. 3:03cv651 (MRK)

DERIVIUM CAPITAL, LLC, et al.,

           Defendants.                     January 17, 2006

-----------------------------------------------------------X

**REPLY MEMORANDUM ON BEHALF OF DEFENDANT
WACHOVIA BANK, f/k/a WHEAT FIRST UNION SECURITIES, f/k/a
FIRST UNION CORP., IN SUPPORT OF ITS MOTION TO DISMISS**

**Preliminary Statement**

Defendant Wachovia Securities, LLC, erroneously sued as Wachovia Bank, f/k/a Wheat First Union Securities, f/k/a First Union Corp. (hereinafter "Wachovia"), respectfully submits this Reply Memorandum in further support of its Motion to Dismiss Plaintiff's Complaint in this action against Wachovia. Plaintiff's opposition dated "January 10, 2005 [sic]" (the "Opposition") fails entirely to overcome the grounds for dismissal set forth in Wachovia's Motion to Dismiss and accompanying Memorandum of Law. Instead, Plaintiff responds only with the same conclusory and misguided assertions that he has used to prosecute this frivolous action against Wachovia since April 2003. It is now nearly three years later, and Plaintiff still cannot allege any facts or law that vest jurisdiction in this Court,

or state a bona fide claim against Wachovia. Plaintiff has already settled his claims against Derivium Capital, LLC ("Derivium"), the party who transacted with Plaintiff, and this Court long ago dismissed the other defendant in this case, Defendant American Arbitration Association. Wachovia is the only remaining defendant in this case.

In his Opposition, Plaintiff again concedes what he alleged in his Compliant: namely, that "the loan transaction [was] between myself and Derivium," and that "my contract with them came to a close on the loan and it's [sic] value." (Opposition ¶¶ 1, 8.) As in the Complaint, he continues to portray Wachovia as a mere conduit for purposes of receiving Plaintiff's stock and later transferring the same stock to Derivium pursuant to his instructions. Again, in conclusory terms only, Plaintiff complains that Wachovia (through its agent, George Gordon) "did not protect my interest" in connection with the loan. (Opposition ¶ 5.) However, after all this time, Plaintiff continues to be unable to show any factual or legal basis of any kind upon which to premise the existence of a duty on the part of Wachovia, fiduciary or otherwise, to "protect [his] interest" regarding his loan with Derivium.

Plaintiff offers nothing of substance in his Opposition to avoid dismissal. At bottom, he has failed in his Complaint to allege any facts that vest this Court with subject matter jurisdiction over Wachovia, and he has failed to state a claim against Wachovia upon which relief can be granted. Accordingly, Wachovia should be dismissed from this action.

## Argument

### POINT I

### PLAINTIFF'S COMPLAINT AGAINST WACHOVIA SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

To the extent that the allegations can even be discerned from the ramblings of the Complaint, Plaintiff has at best alleged a $24,288.76 state law breach of fiduciary duty claim against Wachovia. There is no basis in the Complaint to support federal question jurisdiction in this Court under 28 U.S.C. § 1331. Similarly, with respect to diversity jurisdiction under 28 U.S.C. § 1332, the Complaint, on its face, fails to exceed the $75,000 minimum amount in controversy, exclusive of interest and costs, as required by statute.

In his Opposition, Plaintiff makes no attempt to rebut the grounds for dismissal based on the absence of subject matter jurisdiction. Indeed, by virtue of his settlement with Derivium (Opposition ¶ 8), Plaintiff's alleged damages cannot possibly exceed the initial claimed damages of $24,288.76, an amount that fails to meet the minimum needed to invoke diversity jurisdiction. Accordingly, this Court lacks jurisdiction over the subject matter of Plaintiff's Complaint, and the Complaint should be dismissed.

> Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court *shall dismiss the action*.

Rule 12(h)(3), Fed. R. Civ. P (emphasis added).

## POINT II

## PLAINTIFF'S COMPLAINT AGAINST WACHOVIA SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM FOR RELIEF

### A.  Plaintiff's Claims Are Barred by the Statute of Limitations

Plaintiff's purported state law claim against Wachovia for breach of fiduciary duty is governed by the three-year limitations period of Connecticut General Statutes Section 52-577. Accordingly, under Connecticut law, Plaintiff was required to have filed his claims against Wachovia by October 2001 to have been timely. He did not file his Complaint until April 9, 2003. Consequently, Plaintiff's claims are barred by the statute of limitations, and should be dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P.

Plaintiff makes no substantive argument in opposition to dismissal based on the filing of his Complaint 18 months after the applicable statute of limitations had expired. He comments only that "[t]he Statutes of Limitation [sic] was also settled at that time," referring to a "conference call with his Honor, Mark R. Krevitz [sic], myself, Derivium Attorney and Wachovia Attorney on the call." (Opposition ¶ 7). However, the Court may take judicial notice of the fact that a conference call was held between the Court and the parties on November 12, 2004, in which issues concerning service of process – but not statutes of limitations – were discussed. Plaintiff has confused issues regarding service with the untimely filing of his Complaint. There has never been a ruling or other disposition in this case regarding the statute of limitations. Because the filing of Plaintiff's Complaint was untimely under Connecticut General Statutes Section 52-577, the Complaint should be dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P.

4

### B. Plaintiff Fails to State a Claim for Breach of any Duty

Plaintiff's Opposition does nothing to cure the absence of any factual or legal basis in the Complaint to support his conclusory allegation that Wachovia had a fiduciary relationship with him, much less that Wachovia supposedly breached a purported fiduciary duty or any other duty of care. Plaintiff's contractual relationship regarding the loan was with Derivium, not Wachovia. Since Wachovia was removed from any borrower lender relationship with Plaintiff, and is alleged to have merely received and transferred stock to the lender pursuant to Plaintiff's instructions, the allegation of a fiduciary relationship between Wachovia and Plaintiff is beyond remote, and without any factual or legal premise.

Furthermore, in *Kwiatkowski v. Bear, Stearns & Co., Inc.*, 306 F.3d 1293 (2d Cir. 2002), the Second Circuit reaffirmed the long-standing weight of authority within the federal system that the duties of a broker in handling a non-discretionary account are limited, and do not rise to the level of a general fiduciary duty or ongoing duty of care. As a matter of law, simply receiving stock certificates into an account and then transferring the collateral pursuant to the customer's instructions, as the Complaint alleges, does not rise to the level of a fiduciary relationship.

There is no allegation in this case (nor could there be) that Plaintiff's account with Wachovia was discretionary. In fact, both the Complaint and the Opposition confirm that Wachovia carried out the only responsibility it had – to transfer Plaintiff's securities to Derivium pursuant to Plaintiff's instructions. As such, the Complaint fails to state a claim for breach of fiduciary duty or any other duty of care upon which relief can be granted.

Accordingly, Plaintiff's Complaint against Wachovia should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For all of the foregoing reasons, Defendant Wachovia respectfully requests (i) that Plaintiff's Complaint against Wachovia be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Fed. R. Civ. P., and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed. R. Civ. P., and (ii) that Wachovia be granted such other and further relief as the Court deems just and proper.

Dated:    New York, New York
         January 17, 2006

                                    Respectfully submitted,

                                    KREBSBACH & SNYDER, P.C.

                                    By: /s/ Victor A. Machcinski
                                    Victor A. Machcinski, Jr. (ct26343)

                                    One Exchange Plaza
                                    55 Broadway, Suite 1600
                                    New York, New York 10006
                                    Tel: (212) 825-9811
                                    Fax: (212) 825-9828
                                    E-mail: vmachcinski@krebsbach.com

                                    Attorneys for Defendant Wachovia Bank, f/k/a Wheat
                                    First Securities, f/k/a First Union Corp.

***Of Counsel:***
Scott M. Charmoy, Esq. (ct15889)
CHARMOY & CHARMOY, L.L.C.
1700 Post Road, Suite D-3
P.O. Box 745
Fairfield, CT 06824
Tel: (203) 254-9393
Fax: (203) 254-9797
E-mail: charmoy@snet.net