## UNITED STATED DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM E. McCARTY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :    Civil No. 3:03cv651 (MRK) |
| | : |
| DERIVIUM CAPITAL, LLC, et al, | : |
| | : |
| Defendants. | : |

### RULING AND ORDER

Before the Court is Defendant Wachovia Bank's Motion to Dismiss [doc. #61]. In it Wachovia offers three arguments as to why Plaintiff's suit should be dismissed: (1) the Court does not have subject matter jurisdiction over Plaintiff's claims; (2) Plaintiff's breach-of-fiduciary-duty claims lack a legal basis; and (3) Plaintiff's claims are barred by the applicable statute of limitations.

First, Wachovia argues that the Court lacks subject matter jurisdiction over Plaintiff's claims because they are not based on a federal cause of action, and because "the Complaint, on its face, fails to exceed the $75,000 minimum amount in controversy." Memorandum of Law in Support of Motion to Dismiss [doc. #62] at 5. Plaintiff has asked for "$24,288.76 . . . plus interest of 10.59% compounded for a minimum of 4 ½ years, plus punitive damages of no less than $50,000.00." Complaint [doc. #1]. It is well established that "exemplary or punitive damages . . . can be included in determining whether the jurisdictional amount in controversy requirement has been met." 14B Charles Alan Wright et al., *Federal Practice and Procedure* § 3702, at 89. Thus, as the total sum Plaintiff requests exceeds $75,000, it appears that Plaintiff's complaint does indeed satisfy the amount-in-controversy requirement.

Next, Wachovia argues that Plaintiff's claims, which allege a breach of fiduciary duty by

Wachovia, must be dismissed because Wachovia owed no fiduciary duty to Plaintiff. "It is uncontested that a broker ordinarily has no duty to monitor a nondiscretionary account, or to give advice to such a customer on an ongoing basis. The broker's duties ordinarily end after each transaction is done, and thus do not include a duty to offer unsolicited information, advice, or warnings concerning the customer's investments." *De Kwiatkowski v. Bear, Stearns & Co., Inc.*, 306 F.3d 1293, 1302 (2d Cir. 2002). However, while the Court is skeptical that Plaintiff can make out a fiduciary-duty claim against Wachovia, it is not possible to determine from the Complaint precisely what type of account Plaintiff maintained with Wachovia or what type of relationship existed between the parties. In any event, the Court declines to rule on this argument because it agrees with Wachovia's third argument – that Plaintiff's claims are barred by the applicable statute of limitations.

Connecticut law provides for a three-year statute of limitations for torts. *See* Conn. Gen. Stat. § 52-577. This statute of limitations applies to breach-of-fiduciary-duty claims. *See Halbrecht v. Prudential-Bache Properties, Inc.*, Civ. No. H-90-799, 1992 WL 336757, at *4 (D. Conn. July 25, 1991) ("The allegations of . . . breach of fiduciary duty are subject to Connecticut's statute of limitations requiring that claims founded upon a tort be brought 'within three years from the date of the act or omission complained of.'" (quoting § 52-577)). "[S]ection 52-577 is an occurrence statute, meaning that the time period within which a plaintiff must commence an action begins to run at the moment the act or omission complained of occurs." *Farnsworth v. O'Doherty*, 85 Conn. App. 145, 149 (2004). "The relevant date of the act or omission complained of, as that phrase is used in § 52-577, is the date when the negligent conduct of the defendant occurs and not the date when the plaintiffs first sustain damage." *Id.*

In his Complaint, Plaintiff alleges that Wachovia's breach of fiduciary duty arose out of a

transfer of stock certificates that occurred between October 5th and 8th of 1998. Plaintiff filed his complaint in April 2003 – eighteen months after the three-year statute of limitations had expired. As a result, Wachovia alleges that Plaintiff's claims are untimely.[1] The Court agrees. Nothing in the complaint suggests that Plaintiff is exempt from or should be excused from the statute of limitations. *See Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989) (holding that when a defendant raises a statute-of-limitations defense in a motion to dismiss, "[s]uch a motion is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted rather than a Rule 12(b)(1) motion to dismiss for lack of jurisdiction over the subject matter"); *id.* (noting that when a defendant raises a statute-of-limitations defense in a 12(b)(6) motion, the court may not consider factual allegations outside the complaint). Nor does Plaintiff raise any such suggestion in his response to Wachovia's motion.

Instead, Plaintiff claims that the issue was resolved during a telephonic conference between the parties. The only possible conference to which Plaintiff might be referring is an on-the-record telephonic status conference that was held on November 12, 2004. But no statute-of-limitations issue was discussed at that time – or, as far as the Court is aware, at any other time. Therefore, the Court concludes that Plaintiff's claim was not timely filed.

In sum, because Plaintiff's claim against Wachovia is barred by the applicable statute of limitations, it must be dismissed. The Court GRANTS Wachovia's Motion to Dismiss [doc. #61].

---

[1] The Court notes that while a statute-of-limitations claim is an affirmative defense, which is not normally considered in a motion to dismiss, "[a]n affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint." *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004) (alteration in original); *see Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989) ("Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss.").

All defendants have now been dismissed from this suit.  **The Clerk is directed to close the file.**

IT IS SO ORDERED,

/s/      Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: February 21, 2006.**